Case 3:09-cv-01128-TEH Document 28-1 Filed 07/23/09 Page 1 of 73

**CITY AND COUNTY
OF SAN FRANCISCO
1996 CHARTER**

**Codified through
Ord. No. 64-09, File No. 090024,
approved April 23, 2009.
(Supplement No. 22)**

**Preliminaries**

CITY AND COUNTY OF
SAN FRANCISCO
MUNICIPAL CODE

———————

1996 CHARTER

———————

**GRAPHIC LINK:Click here**

Published by Municipal Code Corporation

Tallahassee, Florida  2006

CITY AND COUNTY OF SAN FRANCISCO

MUNICIPAL CODE

Charter

Administrative Code

Building and Related Technical Codes

Business and Tax Regulations Code

Campaign and Governmental Conduct Code

Environment Code

Fire Code

Health Code

Municipal Elections Code

Park Code

Planning Code

Police Code

Port Code

**EXHIBIT A**

Case 3:09-cv-01128-TEH   Document 28-1   Filed 07/23/09   Page 2 of 73

Public Works Code

Subdivision Code

Transportation Code

Zoning Maps

PREFACE TO THE

1996 CHARTER

The Charter of the City and County of San Francisco was adopted on November 7, 1995, and became effective July 1, 1996. This volume contains Charter provisions enacted through the election of November 2008.

The San Francisco Municipal Code contains ordinances enacted throughOrdinance 64-09, File No. 090024, Approved April 23, 2009. A legislative history, containing ordinance number and approval date, is located at the conclusion of most sections. The legislative history of ordinances approved after March 1999 also contain Board of Supervisors file numbers.

## PREAMBLE

In order to obtain the full benefit of home rule granted by the Constitution of the State of California; to improve the quality of urban life; to encourage the participation of all persons and all sectors in the affairs of the City and County; to enable municipal government to meet the needs of the people effectively and efficiently; to provide for accountability and ethics in public service; to foster social harmony and cohesion; and to assure equality of opportunity for every resident:

We, the people of the City and County of San Francisco, ordain and establish this Charter as the fundamental law of the City and County.

## ARTICLE I:  EXISTENCE AND POWERS OF THE CITY AND COUNTY

Sec. 1.100.  Name and Boundaries.
Sec. 1.101.  Rights and Powers.

## SEC. 1.100.  NAME AND BOUNDARIES.

The City and County of San Francisco shall continue as a consolidated City and County with such boundaries as are prescribed by law, pursuant to this Charter and the laws of the State of California.

## SEC. 1.101.  RIGHTS AND POWERS.

The City and County of San Francisco may make and enforce all ordinances and regulations in respect to municipal affairs, subject only to the restrictions and limitations provided in this Charter. The City and County may make and enforce within its limits all local police, sanitary and other ordinances and regulations. The City and County may appear, sue and defend in all courts in all matters and proceedings.

All rights and powers of a City and County which are not vested in another officer or entity by this Charter shall be exercised by the Board of Supervisors.

## ARTICLE II: LEGISLATIVE BRANCH

Sec. 2.100. Composition and Salary.
Sec. 2.101. Term of Office.
Sec. 2.102. [Repealed].
Sec. 2.103. Meetings.
Sec. 2.104. Quorum.
Sec. 2.105. Ordinances and Resolutions.
Sec. 2.106. Veto Override.
Sec. 2.107. Emergency Ordinances.
Sec. 2.108. Public's Right to Know.
Sec. 2.109. Rates, Fees and Similar Charges.
Sec. 2.111. [Repealed].
Sec. 2.112. Fidelity Bonds.
Sec. 2.113. Legislative Initiative.
Sec. 2.114. Non-interference in Administration.
Sec. 2.115. Financial Audit.
Sec. 2.116. President of the Board of Supervisors.
Sec. 2.117. Offices of the Board of Supervisors.

## SEC. 2.100. COMPOSITION AND SALARY.

The Board of Supervisors shall consist of eleven members elected by district.

The office of Board of Supervisors member is a full time position. The Civil Service Commission shall set the Supervisors' salary once every five years. Before the Commission determines the Supervisors' salary, it shall conduct and consider a salary survey of other full time California City Councils and County Boards of Supervisors and it may consider the Consumer Price Index (CPI).

The Civil Service Commission shall timely transmit its determination of the Supervisors' salary to the Controller, so that funds can be set aside for that purpose. The Controller shall include the Civil Service Commission's determination in appropriate budget documents to insure implementation. This determination may not be changed except by the Civil Service Commission.

The Civil Service Commission shall establish dates for an appropriate five-year cycle for making the determinations required by this Section, in order to efficiently coordinate with City budget processes and related procedures. In order to institute this five-year cycle the initial determination may be for less than a five-year period, as determined by the Civil Service Commission.

If the City and employee organizations agree to amend the compensation provisions of existing memoranda of understanding to reduce costs, the Civil Service Commission shall review and amend the Supervisors' salary as necessary to achieve comparable cost savings in the affected fiscal year or years.

The provisions of this Section shall apply, notwithstanding any other provision of this Charter.

(Amended November 1996; June 1998; November 2002)

## SEC. 2.101. TERM OF OFFICE.

Each member of the Board of Supervisors shall be elected at a general election and shall serve a four-year term commencing on the eighth day in January following election and until a successor qualifies. The respective terms of office of the members of the Board of Supervisors in effect on the date this Charter is adopted shall continue.

No person elected or appointed as a Supervisor may serve as such for more than two successive four-year terms. Any person appointed to the office of Supervisor to complete in excess of

two years of a four-year term shall be deemed, for the purpose of this section, to have served one full term. No person having served two successive four-year terms may serve as a Supervisor, either by election or appointment, until at least four years after the expiration of the second successive term in office. Any Supervisor who resigns with less than two full years remaining until the expiration of the term shall be deemed, for the purposes of this section, to have served a full four-year term.

## SEC. 2.102.

(Repealed November 2001)

## SEC. 2.103. MEETINGS.

The Board of Supervisors shall meet at the legislative chambers in City Hall at 12:00 noon on the eighth day in January in each odd-numbered year. Thereafter, regular meetings shall be held on such dates and at such times as shall be fixed by resolution.

The meetings of the Board shall be held in City Hall, provided that, in case of emergency, the Board, by resolution, may designate some other appropriate place as its temporary meeting place.

Notice of any special meeting shall be published at least 24 hours in advance of such special meeting.

The Board of Supervisors, by motion, may schedule special meetings of the Board in locations in San Francisco other than City Hall. Notice of special meetings being convened outside of City Hall shall be published and posted in City Hall at least 15 days in advance of such special meetings. Motions to schedule special meetings of the Board in locations in San Francisco other than City Hall shall first be introduced and referred to a committee of the Board for hearing and consideration.

The Board of Supervisors, by motion, may authorize a committee of the Board of Supervisors to schedule a special meeting of the committee of the Board in a location in San Francisco other than City Hall. Notice of special committee meetings being convened outside of City Hall shall be published and posted in City Hall at least 15 days in advance of such special meetings.

## SEC. 2.104. QUORUM.

(a)   The presence of a majority of the members of the Board of Supervisors at a regular or special meeting shall constitute a quorum for the transaction of business. The term "presence" shall include participation by teleconferencing or other electronic means as authorized by Government Code Section 54953(b) or any successor legislation after the Board of Supervisors has adopted an ordinance pursuant to subsection (c) allowing such participation when the member is physically unable to attend in person, as certified by a health care provider, due to the member's pregnancy, childbirth, or related condition. The Board of Supervisors may also, as part of a parental leave policy adopted pursuant to subsection (c), authorize a member to participate in meetings by teleconferencing or other electronic means when the member is absent to care for his or her child after birth of the child, or after placement of the child with the member or the member's immediate family for adoption or foster care. In the absence of a quorum, a smaller number of members may compel the attendance of absent members in the manner and under the penalties established by the Board of Supervisors.

(b)   The Board of Supervisors shall act by a majority, two-thirds, three-fourths, or other vote of all members of the Board. Each member present at a regular or special meeting shall vote "yes" or "no" when a question is put, unless excused from voting by a motion adopted by a majority of the members present.

Case 3:09-cv-01128-TEH   Document 28-1   Filed 07/23/09   Page 7 of 73

(c)  Notwithstanding the provisions of Charter Section 10.101, the Board of Supervisors shall adopt parental leave policies for its members, including, but not limited to, authorization to participate in meetings by teleconferencing or other electronic means pursuant to subsection (a) and subject to the restrictions listed in that subsection.

(Amended by Proposition B, Approved 11/7/2006)


## SEC. 2.105. ORDINANCES AND RESOLUTIONS.

The Board of Supervisors shall meet and transact its business according to rules which it shall adopt.

The Board of Supervisors shall act only by written ordinance or resolution, except that it may act by motion on matters over which the Board of Supervisors has exclusive jurisdiction. All legislative acts shall be by ordinance. An ordinance or resolution may be introduced before the Board of Supervisors by a member of the Board, a committee of the Board or the Mayor, and shall be referred to and reported upon by an appropriate committee of the Board. An ordinance or resolution may be prepared in committee and reported out to the full Board for action, consistent with the public notice laws of the City. Except as otherwise provided in this Charter, passage of an ordinance or a resolution shall require the affirmative vote of a majority of the members of the Board.

An ordinance shall deal with only one subject matter, except that appropriations ordinances may cover appropriations with respect to any number of subjects. The title of each ordinance shall clearly reflect the content of the ordinance.

Except as otherwise provided in Section 2.107, passage of an ordinance shall require two readings at separate meetings of the Board of Supervisors, which shall be held at least five days apart. If an ordinance is amended at its second reading, the ordinance shall require a further reading prior to final passage. Resolutions shall require only one reading and may be adopted upon introduction without reference to committee by unanimous affirmative vote of the members of the Board of Supervisors who are present, but in no event less than a quorum.

All ordinances shall take effect no sooner than 30 days following the date of passage except for ordinances not subject to referendum and those authorizing bonded indebtedness and lease financings, which shall take effect immediately. Ordinances granting franchises shall take effect no sooner than 60 days after passage. No ordinance granting a franchise may be passed within 90 days of its introduction. Resolutions may take effect immediately upon passage, or at such other time as shall be specified in the resolutions.


## SEC. 2.106. VETO OVERRIDE.

The Board of Supervisors may enact an ordinance or resolution which has been vetoed by the Mayor pursuant to Section 3.103 if, within 30 days after such veto, not less than two-thirds of the Board of Supervisors shall vote in favor of such measure, except as provided in Section 9.104. If a larger vote is required for the adoption of the measure by provisions of this Charter, such larger vote shall be required to overcome the veto of the Mayor.


## SEC. 2.107. EMERGENCY ORDINANCES.

An emergency ordinance may be passed in cases of public emergency affecting life, health, property, or for the uninterrupted operation of any City or County department or office required to comply with time limitations as established by law. Emergency ordinances shall require only one reading, and the affirmative vote of two-thirds of the Board of Supervisors shall be required for the

passage of an emergency ordinance.

The form and manner of introduction of an emergency ordinance shall be as required for ordinances generally. In addition, an emergency ordinance shall contain:

1. A declaration setting forth the existence of the emergency;

2. A clear and concise description thereof; and

3. An explanation of how the measures in the ordinance will address the emergency.

An emergency ordinance shall be effective upon passage and shall automatically terminate on the 61st day following passage. An emergency ordinance may be reenacted upon the same terms and conditions applicable to its initial enactment. Any appropriation contained in an emergency ordinance shall be deemed to be an amendment to the final appropriations ordinance.

An emergency ordinance may suspend specific sections of this Charter, but may not: levy taxes; grant, renew or extend a franchise; regulate the rate charged by any public utility for its services; set salaries; issue bonds; or buy, sell or lease land.

## SEC. 2.108.  PUBLIC'S RIGHT TO KNOW.

The Board of Supervisors shall adopt and maintain a Sunshine Ordinance to liberally provide for the public's access to their government meetings, documents and records.

The Clerk of the Board of Supervisors shall keep a permanent public record of the proceedings of the Board showing all action considered and taken, the text of ordinances and resolutions voted upon and the vote of each member of the Board regarding any matter before the Board. The Clerk of the Board shall cause the text of all ordinances or resolutions passed by the Board to be readily available to the public.

A written calendar of the business scheduled for each meeting of the Board of Supervisors or any standing or special committee comprised of Board members and established by the Board shall be prepared and available to the public before each meeting. Summaries of board and committee calendar items of general public interest, as determined by the Clerk of the Board, and a statement of where and when copies of proposed ordinances and resolutions may be obtained, shall be published commencing at least 36 hours before the commencement time of each regular meeting and at least 18 hours before the commencement time of each special meeting.

Except as otherwise provided in this Charter, or by ordinance, notice of the title or the purport and subject matter of each proposed ordinance which is introduced and referred to committee shall be published within five days after its presentation to the board and a copy of such proposed ordinance shall be kept available for inspection in the office of the Clerk of the Board. Each ordinance required to be included in the municipal code shall be printed promptly after final passage, and copies shall be made available to the public.

All ordinances, after final passage or upon their becoming effective shall be certified by the Clerk of the Board and recorded in a book kept for that purpose, and resolutions adopted shall be certified and recorded in a like manner. Notice that an ordinance has been passed for second reading, that an ordinance has been finally passed, and that a resolution has been adopted, together with a statement of where copies may be obtained, shall be published once within five days of such passage for second reading, final passage, or adoption.

## SEC. 2.109.  RATES, FEES AND SIMILAR CHARGES.

Within 30 days of submission by the Mayor, the Board of Supervisors shall approve by ordinance or reject any rate, fee or similar charge to be imposed by any department, official, board or

commission, except those rates, fees and similar charges established by the Port or Airport Commissions, or under the Refuse Collection and Disposal Ordinance of November 8, 1932, as amended.


## SEC. 2.111. [REPEALED]


## SEC. 2.112. FIDELITY BONDS.

The Board of Supervisors shall determine which officials of the City and County shall be required to post fidelity bonds and the respective amounts of any such bonds. An annual review of bonding requirements shall be conducted by the Board of Supervisors.


## SEC. 2.113. LEGISLATIVE INITIATIVE.

(a)   The Board of Supervisors, or four or more members, may submit to the voters declarations of policy, and any matter which the Board of Supervisors is empowered to pass.

Upon approval of a declaration of policy by the voters, the Board of Supervisors shall within 90 days of such approval take such actions within their powers as shall be necessary to carry such declaration into effect. A special municipal election shall not be called with respect to a declaration of policy.

(b)   In order to submit a proposed initiative measure to the voters under this section or Section 3.100(15), four or more members of the Board of Supervisors or the Mayor shall submit the proposed initiative to the Board of Supervisors no later than 45 days prior to the deadline for the submission of such initiatives to the Department of Elections. The proponent or proponents shall clearly identify the measure as a proposed initiative to be submitted at a specific election, and the proponent or proponents shall file a copy of the measure with the Department of Elections at the same time as the measure is submitted to the Board of Supervisors.

The President of the Board of Supervisors shall assign the measure to a committee of the Board, and the committee shall conduct a public hearing on the measure at least 15 days prior to the deadline for the submission of such initiatives to the Department of Elections.

Failure by the Board of Supervisors to hold a hearing on the measure prior to the Department of Elections' deadline for submittal of legislative or mayoral initiatives shall not prevent the Director of Elections from placing the initiative on the ballot. But the Director of Elections shall include a notice in the voter information pamphlet that the measure was not the subject of the required public hearing.

The proponent or proponents of an initiative measure may withdraw the proposed measure at any time prior to the Department of Elections' deadline for submission of such initiatives, subject to any requirements of the Municipal Elections Code or other City ordinance. If a measure is withdrawn, the Board of Supervisors is not required to conduct a hearing on the measure.

(Amended by Proposition C, Approved 11/6/2007)


## SEC. 2.114. NON-INTERFERENCE IN ADMINISTRATION.

Except for the purpose of inquiry, the Board of Supervisors shall deal with the administrative service for which the City Administrator is responsible solely through such officer, and for administrative or other functions for which elective officials or boards or commissions are responsible solely through the elective official, the board or commission or the chief executive officer of such board or commission concerned, or their designees.

Case 3:09-cv-01128-TEH   Document 28-1   Filed 07/23/09   Page 10 of 73

Neither the Board of Supervisors, its committees, nor any of its members, shall have any power or authority, nor shall they dictate, suggest or interfere with respect to any appointment, promotion, compensation, disciplinary action, contract or requisition for purchase or other administrative actions or recommendations of the City Administrator or of department heads under the City Administrator or under the respective boards and commissions. The Board of Supervisors shall deal with administrative matters only in the manner provided by this Charter, and any dictation, suggestion or interference herein prohibited on the part of any Supervisor shall constitute official misconduct; provided, however, that nothing herein contained shall restrict the power of hearing and inquiry as provided in this Charter.

Notwithstanding any other provisions of this section, it shall not constitute prohibited interference for a member of the Board of Supervisors to testify regarding administrative matters other than specific contract and personnel decisions at a public meeting of a City board, commission, task force or other appointive body, or for the Board of Supervisors to adopt legislation regarding administrative matters other than specific contract and personnel decisions.

Violation of this section shall constitute official misconduct.


## SEC. 2.115. FINANCIAL AUDIT.

The Board of Supervisors shall select a firm or firms of independent accountants to audit and report upon the annual financial statements of the City and County.


## SEC. 2.116. PRESIDENT OF THE BOARD OF SUPERVISORS.

At its regular meeting on the eighth day of January in odd-numbered years, the Board of Supervisors shall by majority vote elect one of its members as President for a two-year term. If a vacancy in the office of President of the Board of Supervisors shall occur prior to the end of the term, the Board of Supervisors shall by majority vote elect one of its members to fill the unexpired portion of the term. The President shall preside at all meetings, appoint all standing and special committees, assign legislation to committees, and have such other powers and duties as may be assigned by the Board of Supervisors. (Amended November 1996)


## SEC. 2.117. OFFICES OF THE BOARD OF SUPERVISORS.

Each member of the Board of Supervisors shall have two staff members pursuant to Section 10.104. The Board of Supervisors shall appoint a Clerk of the Board. The Clerk of the Board shall have charge of the office and records of the Board and its committees and its classified staff. The Clerk shall keep a public record of the proceedings of the board as provided by Section 2.108 of this Charter and shall keep properly indexed files of all ordinances and resolutions. The Clerk shall be responsible for the publication, as required by law, of ordinances, resolutions and other matters acted on by the Board for which publication is specified. The Clerk shall have such other duties and responsibilities as the Board of Supervisors may prescribe.

The Board of Supervisors shall appoint and may remove a Budget Analyst and such appointment shall be made solely on the basis of qualifications by education, training and experience for the position to be filled. The Budget Analyst shall be responsible for such duties as the Board of Supervisors shall prescribe.

# ARTICLE III: EXECUTIVE BRANCH--OFFICE OF MAYOR

Sec. 3.100. Powers and Responsibilities.
Sec. 3.101. Term of Office.
Sec. 3.102. Absence from State or Temporary Disability.
Sec. 3.103. Veto Power.
Sec. 3.104. City Administrator.
Sec. 3.105. Controller; City Services Auditor.

## SEC. 3.100. POWERS AND RESPONSIBILITIES.

The Mayor shall be the chief executive officer and the official representative of the City and County, and shall serve full time in that capacity. The Mayor shall devote his or her entire time and attention to the duties of the office, and shall not devote time or attention to any other occupation or business activity. The Mayor shall enforce all laws relating to the City and County, and accept service of process on its behalf.

The Mayor shall have responsibility for:

1. General administration and oversight of all departments and governmental units in the executive branch of the City and County;

2. Coordination of all intergovernmental activities of the City and County;

3. Receipt and examination of complaints relating to the administration of the affairs of the City and County, and timely delivery of notice to the complainant of findings and actions taken;

4. Assurance that appointees to various governmental positions with the City and County are qualified and are as representative of the communities of interest and diverse population of the City and County as is reasonably practicable, and are representative of both sexes;

5. Submission of ordinances and resolutions by the executive branch for consideration by the Board of Supervisors;

6. Presentation before the Board of Supervisors of a policies and priorities statement setting forth the Mayor's policies and budget priorities for the City and County for the ensuing fiscal year;

7. Introduction before the Board of Supervisors of the annual proposed budget or multi-year budget which shall be initiated and prepared by the Mayor. The Mayor shall seek comments and recommendations on the proposed budget from the various commissions, officers and departments; and

8. Preparation of and introduction to the Board of Supervisors of supplemental appropriations.

The Mayor shall have the power to:

9. Speak and be heard with respect to any matter at any meeting of the Board of Supervisors or any of its committees, and shall have a seat but no vote on all boards and commissions appointed by the Mayor;

10. As provided in Section 3.103 of this Charter, veto any ordinance or resolution passed by the Board of Supervisors;

11. Subject to the fiscal provisions of this Charter and budgetary approval by the Board of Supervisors, appoint such staff as may be needed to perform the duties and carry out

Case 3:09-cv-01128-TEH   Document 28-1   Filed 07/23/09   Page 12 of 73

the responsibilities of the Mayor's office, provided that no member of the staff shall receive a salary in excess of seventy percent of that paid the Mayor. For purposes of this provision, staff does not include the City Administrator, department heads or employees of departments placed under his or her direction by Section 3.104. Notwithstanding any other provisions or limitations of this Charter to the contrary, the Mayor may not designate nor may the City and County employ on the Mayor's behalf any person to act as deputy to the Mayor or any similar employment classification, regardless of title, whose responsibilities include but are not necessarily limited to supervision of the administration of any department for which the City Administrator, an elected official other than the Mayor or an appointed board or commission is assigned responsibility elsewhere in this Charter;

12.  Designate a member of the Board of Supervisors to act as Mayor in the Mayor's absence from the state or during a period of temporary disability;

13.  In the case of an emergency threatening the lives, property or welfare of the City and County or its citizens, the Mayor may direct the personnel and resources of any department, command the aid of other persons, and do whatever else the Mayor may deem necessary to meet the emergency;

In  meeting an emergency, the Mayor shall act only with the concurrence of the Board of Supervisors, or a majority of its members immediately available if the emergency causes any member of the Board to be absent. The Mayor shall seek the Board's concurrence as soon as is reasonably possible in both the declaration of an emergency and in the action taken to meet the emergency. Normal notice, posting and agenda requirements of the Board of Supervisors shall not be applicable to the Board's actions pursuant to these provisions;

14.  Make an appointment to fill any vacancy in an elective office of the City and County until a successor shall have been elected;

15.  Subject to the provisions of Charter Section 2.113, submit to the voters a declaration of policy or ordinance on any matter on which the Board of Supervisors is empowered to pass;

16.  Have and exercise such other powers as are provided by this Charter or by law for the chief executive officer of a City and County;

17.  Unless otherwise specifically provided, make appointments to boards and commissions which shall be effective immediately and remain so, unless rejected by a two-thirds vote of the Board of Supervisors within 30 days following transmittal of Notice of Appointment. The Notice of Appointment shall include the appointee's qualifications to serve and a statement how the appointment represents the communities of interest, neighborhoods and diverse populations of the City and County;

18.  Appoint department heads subject to the provisions of this Charter; and

19.  Prepare and submit schedule of rates, fees and other similar charges to the Board of Supervisors.

(Amended by Proposition C, Approved 11/6/2007)

## SEC. 3.101. TERM OF OFFICE.

The Mayor shall serve a four-year term. No person shall serve as mayor for more than two successive terms. A part of a term that exceeds two years shall count as a full term. There shall be no limit on the non- successive terms that a person may serve.

## SEC. 3.102. ABSENCE FROM STATE OR TEMPORARY DISABILITY.

If the Mayor is absent from the state or temporarily disabled without designating an Acting Mayor, the President of the Board of Supervisors shall act as Mayor until such time as the Mayor shall return to office.

In case of a disaster in which neither the Mayor nor the President of the Board of Supervisors is able to serve as Mayor, the order of succession shall be as designated by ordinance.

(Amended November 2001)

## SEC. 3.103. VETO POWER.

Any ordinance or resolution passed by the Board of Supervisors shall be promptly delivered to the Mayor for consideration. If the Mayor approves the ordinance or resolution, the Mayor shall sign it and it shall become effective as provided in Section 2.105 of this Charter. If the Mayor disapproves the ordinance or resolution, the Mayor shall promptly return it to the Board of Supervisors without the Mayor's signature, accompanied by a statement indicating the reasons for disapproval and any recommendations which the Mayor may have. Any ordinance or resolution so disapproved by the Mayor shall become effective only if, subsequent to its return, it shall be passed by a vote of the Board of Supervisors required by Section 2.106 of this Charter. Any ordinance or resolution shall become effective, with or without the Mayor's signature, unless it is disapproved by the Mayor and returned to the Board of Supervisors not more than ten days after the date the ordinance or resolution was delivered to the Mayor's Office for consideration.

## SEC. 3.104. CITY ADMINISTRATOR.

The Mayor shall appoint or reappoint a City Administrator, subject to confirmation by the Board of Supervisors. The appointee shall have at least ten years' governmental management or finance experience with at least five years at the City, County, or City and County level. The City Administrator shall have a term of office of five years, and may be removed by the Mayor subject to approval by the Board of Supervisors.

The City Administrator shall have responsibility for:

1.  Administrative services within the executive branch, as assigned by the Mayor or by ordinance;

2.  Administering policies and procedures regarding bonded or other long-term indebtedness, procurement, contracts and building and occupancy permits, and for assuring that all contracts and permits are issued in a fair and impartial manner and that any inspections involved with the issuance of permits shall be carried out in a like manner;

3.  Coordinating all capital improvement and construction projects except projects solely under the Airport, Port, Public Utilities and Public Transportation Commissions;

4.  Preparing and recommending bond measures for consideration by the Mayor and Board of Supervisors; and

5.  Administering, budgeting and control of publicity and advertising expenditures.

The City Administrator shall have power to:

6.  With the concurrence of the Mayor, appoint and remove the directors of the

Case 3:09-cv-01128-TEH   Document 28-1   Filed 07/23/09   Page 14 of 73

Departments of Administrative Services, Solid Waste, Public Guardian/Administrator, and Public Works, and such other department heads which are placed under his or her direction;

7.  Propose rules governing procurement and contracts to the Board of Supervisors for consideration;

8.  Award contracts without interference from the Mayor or Board of Supervisors; and

9.  Coordinate the issuance of bonds and notes for capital improvements, equipment and cash flow borrowings, except for projects solely under the Airport, Port, Public Utilities and Public Transportation Commissions.

In those instances where contract awards are not subject to Board of Supervisors' review, the City Administrator shall award contracts in full compliance with applicable laws and this Charter. The City Administrator's decision in such cases shall be final.

## SEC. 3.105.  CONTROLLER; CITY SERVICES AUDITOR.

The Mayor shall appoint or reappoint a Controller for a ten-year term, subject to confirmation by the Board of Supervisors. The Controller may only be removed by the Mayor for cause, with the concurrence of the Board of Supervisors by a two-thirds vote.

The Controller shall be responsible for the timely accounting, disbursement or other disposition of monies of the City and County in accordance with sound financial practices applicable to municipalities and counties. The Controller shall have the power and duties of a County auditor, except as otherwise provided in this Charter. The Controller shall have authority to audit the accounts and operations of all boards, commissions, officers and departments to evaluate their effectiveness and efficiency. The Controller shall have access to, and authority to, examine all documents, records, books and other property of any board, commission, officer or department.

The Controller shall also serve as City Services Auditor for the City and County. As City Services Auditor, the Controller shall be responsible for monitoring the level and effectiveness of services rendered by the City to its residents, as set forth in Appendix F to this Charter.

Should the Controller determine at any time during the fiscal year that the revenues of the General Fund, or any special, sequestered or other fund are insufficient or appear to be insufficient to support the remaining anticipated expenditure from that fund for the fiscal year for any department, function or program, the Controller shall reduce or reserve all or a portion of the expenditure appropriation until such time as the Controller determines that the anticipated revenues for the remainder of that fiscal year are sufficient to support the level of expenditure anticipated for the remainder of the fiscal year. Whenever the Controller makes a reduction or reservation, the Controller shall so inform the Mayor and Board of Supervisors within 24 hours.

The Controller shall exercise general supervision over the accounts of all officers, commissions, boards and employees of the City and County charged in any manner with the receipt, collection or disbursement of City and County funds or other funds, in their capacity as City and County officials or employees. The Controller shall establish accounting records, procedures and internal controls with respect to all financial transactions of the City and County. Such records, procedures and controls shall permit the financial statements of the City and County to be prepared in conformity with generally accepted accounting principles applicable to municipalities and counties.

The Controller shall within 150 days of the end of each fiscal year prepare an annual report of the financial condition of the City and County. Such annual report shall be prepared in accordance with generally accepted accounting principles. The annual report shall contain such information and disclosures as shall be necessary to present to the public a full and understandable report of all City and County financial activity.

Case 3:09-cv-01128-TEH   Document 28-1   Filed 07/23/09   Page 15 of 73

The Controller shall prepare an impartial financial analysis of each City and County ballot measure which shall include the amount of any increase or decrease in the cost of government of the City and County and its effect upon the cost of government. Such analysis shall be issued in sufficient time to permit inclusion in the voters' pamphlet.

The Controller shall issue from time to time such periodic or special financial reports as may be requested by the Mayor or Board of Supervisors.

All disbursements of funds in the custody of the Treasurer must be authorized by the Controller. No officer or employee shall bind the City and County to expend money unless there is a written contract or other instrument and unless the Controller shall certify that sufficient unencumbered balances are available in the proper fund to meet the payments under such contract or other obligation as these become due.

(Amended November 2003)

# ARTICLE IV: EXECUTIVE BRANCH--BOARDS, COMMISSIONS AND DEPARTMENTS

Sec. 4.100. General.
Sec. 4.101. Boards and Commissions--Composition.
Sec. 4.101.5. Hold-Over Service by Board and Commission Members.
Sec. 4.102. Boards and Commissions--Powers and Duties.
Sec. 4.103. Boards and Commissions--Annual Report.
Sec. 4.104. Boards and Commissions--Rules and Regulations.
Sec. 4.105. Planning Commission.
Sec. 4.106. Board of Appeals.
Sec. 4.107. Human Rights Commission.
Sec. 4.108. Fire Commission.
Sec. 4.109. Police Commission.
Sec. 4.110. Health Commission.
Sec. 4.111. Human Services Commission.
Sec. 4.112. Public Utilities Commission.
Sec. 4.113. Recreation and Park Commission.
Sec. 4.114. Port Commission.
Sec. 4.115. Airport Commission.
Sec. 4.116. Parking and Traffic Commission.
Sec. 4.117. Entertainment Commission.
Sec. 4.118. Commission on the Environment.
Sec. 4.119. Commission on the Status of Women.
Sec. 4.120. Commission on Aging.
Sec. 4.121. Building Inspection Commission.
Sec. 4.122. Youth Commission.
Sec. 4.123. Youth Commission Membership; Appointment; Terms; Meetings; Compensation; Director.
Sec. 4.124. Youth Commission--Purpose and Duties.
Sec. 4.125. Jurisdiction.
Sec. 4.126. Departments--General Provisions.
Sec. 4.127. Police Department.
Sec. 4.128. Fire Department.
Sec. 4.129. Department of Administrative Services.
Sec. 4.130. Department of Public Works.
Sec. 4.131. County Clerk.
Sec. 4.132. Executive Branch Reorganization.
Sec. 4.133. Taxi Commission.
Sec. 4.134. Small Business Commission.
Sec. 4.135. Historic Preservation Commission.

## SEC. 4.100. GENERAL.

In addition to the office of the Mayor, the executive branch of the City and County shall be composed of departments, appointive boards, commissions and other units of government. To the extent law permits, each appointive board, commission, or other unit of government of the City and County established by State or Federal law shall be subject to the provisions of this Article and this Charter.

## SEC. 4.101. BOARDS AND COMMISSIONS--COMPOSITION.

(a) Unless otherwise provided in this Charter, the composition of each appointive board, commission or advisory body of any kind established by this Charter or legislative act of the United States of America, the State of California or the Board of Supervisors shall:

1. Be broadly representative of the communities of interest, neighborhoods, and the diversity in ethnicity, race, age, and sexual orientation, and types of disabilities of the City and County and have representation of both sexes; and

2. Consist of electors of the City and County at all times during the term of their

respective offices, unless otherwise specifically provided in this Charter; or in the case of boards, commissions or advisory bodies established by legislative act the position is (a) designated by ordinance for a person under legal voting age, or (b) unless specifically exempt from the provisions, or waived by the appointing officer or entity upon a finding that an elector with specific experience, skills or qualifications willing to serve could not be located within the City and County.

It shall he official City policy that the composition of each appointive hoard, commission, or advisory body of any kind established by this Charter or legislative act of the United States of America, the State of California, or the Board of Supervisors shall reflect the interests and contributions of both men and women of all races, ethnicities, sexual orientations, and types of disabilities. The voters therefore urge in the strongest terms all City officers and agencies involved in nominating, appointing or confirming members of those appointive boards, commissions, or advisory bodies to consider and as appropriate support the nomination, appointment or confirmation of female, minority, and disabled candidates to fill seats on those bodies.

The Commission on the Status of Women shall conduct an analysis of appointments to appointive boards, commissions, and advisory bodies in the second and fourth year of each mayoral administration to track the diversity of appointments to such bodies. This analysis, to be based only on voluntary disclosures, shall include gender, ethnicity, sexual orientation, disability status, and any other relevant demographic qualities.

(b)   Vacancies on appointive boards, commissions or other units of government shall be filled for the balance of the unexpired term in the manner prescribed by this Charter or ordinance for initial appointments.

(c)   Terms of office shall continue as they existed on the effective date of this Charter.

(Amended by Proposition D, 6/3/2008)


## SEC. 4.101.5.  HOLD-OVER SERVICE BY BOARD AND COMMISSION MEMBERS.

(a)   Application of this Section. Unless otherwise provided in this Charter or required by law, the requirements of this Section shall apply to the members of each appointive board, commission, or other unit of government of the executive branch of the City and County or otherwise created in the Charter ("Charter Commission"). Citizen advisory committees created in the Charter shall not be considered Charter Commissions for purposes of this Section. The provisions of this Section shall not apply to boards or commissions created in Article V (Executive Branch--Arts and Culture) or Article XII (Employee Retirement and Health Service Systems) of this Charter.

(b)   Limitations on Hold-Over-Service. Except as otherwise provided in this Charter, the tenure of a member of any Charter Commission shall terminate no later than 60 days after the expiration of the member's term, unless the member is re-appointed. A member may not serve as a hold-over member of a Charter Commission for more than 60 days after the expiration of his or her term. The tenure of any person sitting as a hold-over member on the effective date of this amendment shall terminate no later than 60 days after the effective date of this amendment.

(Added by Proposition B, Approved 11/6/2007)


## SEC. 4.102.  BOARDS AND COMMISSIONS--POWERS AND DUTIES.

Unless otherwise provided in this Charter, each appointive board, commission or other unit of government of the executive branch of the City and County shall:

1. Formulate, evaluate and approve goals, objectives, plans and programs and set

policies consistent with the overall objectives of the City and County, as established by the Mayor and the Board of Supervisors through the adoption of City legislation;

2. Develop and keep current an Annual Statement of Purpose outlining its areas of jurisdiction, authorities, purpose and goals, subject to review and approval by the Mayor and the Board of Supervisors;

3. After public hearing, approve applicable departmental budgets or any budget modifications or fund transfers requiring the approval of the Board of Supervisors, subject to the Mayor's final authority to initiate, prepare and submit the annual proposed budget on behalf of the executive branch and the Board of Supervisors' authority under Section 9.103;

4. Recommend to the Mayor for submission to the Board of Supervisors rates, fees and similar charges with respect to appropriate items coming within their respective jurisdictions;

5. Unless otherwise specifically provided, submit to the Mayor at least three qualified applicants, and if rejected, to make additional nominations in the same manner, for the position of department head, subject to appointment by the Mayor;

6. Remove a department head; the Mayor may recommend removal of a department head to the commission, and it shall be the commission's duty to act on the Mayor's recommendation by removing or retaining the department head within 30 days; failure to act on the Mayor's recommendation shall constitute official misconduct;

7. Conduct investigations into any aspect of governmental operations within its jurisdiction through the power of inquiry, and make recommendations to the Mayor or the Board of Supervisors;

8. Exercise such other powers and duties as shall be prescribed by the Board of Supervisors; and

9. Appoint an executive secretary to manage the affairs and operations of the board or commission.

In furtherance of the discharge of its responsibilities, an appointive board, commission or other unit of government may:

10. Hold hearings and take testimony; and

11. Retain temporary counsel for specific purposes, subject to the consent of the Mayor and the City Attorney.

Each board or commission, relative to the affairs of its own department, shall deal with administrative matters solely through the department head or his or her designees, and any dictation, suggestion or interference herein prohibited on the part of any member of a board or commission shall constitute official misconduct; provided, however, that nothing herein contained shall restrict the board or commission's powers of hearing and inquiry as provided in this Charter.

## SEC. 4.103. BOARDS AND COMMISSIONS--ANNUAL REPORT.

As of the operative date of this Charter and until this requirement is changed by the Board of Supervisors, each board and commission of the City and County shall be required by ordinance to prepare an annual report describing its activites, and shall file such report with the Mayor and the Clerk of the Board of Supervisors. The Annual Report can be included in the Annual Statement of Purpose as provided for in Section 4.102(2).

## SEC. 4.104. BOARDS AND COMMISSIONS--RULES AND REGULATIONS.

(a)   Unless otherwise provided in this Charter, each appointive board, commission or other unit of government of the executive branch of the City and County shall:

1.   Adopt rules and regulations consistent with this Charter and ordinances of the City and County. No rule or regulation shall be adopted, amended or repealed, without a public hearing. At least ten days' public notice shall be given for such public hearing. All such rules and regulations shall be filed with the Clerk of the Board of Supervisors.

2.   Hold meetings open to the public and encourage the participation of interested persons. Except for the actions taken at closed sessions, any action taken at other than a public meeting shall be void. Closed sessions may be held in accordance with applicable state statutes and ordinances of the Board of Supervisors.

3.   Keep a record of the proceedings of each regular or special meeting. Such record shall indicate how each member voted on each question. These records, except as may be limited by state law or ordinance, shall be available for public inspection.

(b)   The presence of a majority of the members of an appointive board, commission or other unit of government shall constitute a quorum for the transaction of business by such body. The term "presence" shall include participation by teleconferencing or other electronic means as authorized by Government Code Section 54953(b) or any successor legislation after the Board of Supervisors has adopted an ordinance pursuant to subsection (c) allowing such participation when the member is physically unable to attend in person, as certified by a health care provider, due to the member's pregnancy, childbirth, or related condition. The Board of Supervisors may also, as part of a parental leave policy adopted pursuant to subsection (c), authorize a member of a board or commission to participate in meetings by teleconferencing or other electronic means when the member is absent to care for his or her child after birth of the child, or after placement of the child with the member or the member's immediate family for adoption or foster care. Unless otherwise required by this Charter, the affirmative vote of a majority of the members shall be required for the approval of any matter, except that the rules and regulations of the body may provide that, with respect to matters of procedure the body may act by the affirmative vote of a majority of the members present, so long as the members present constitute a quorum. All appointive boards, commissions or other units of government shall act by a majority, two-thirds, three-fourths or other vote of all members. Each member present at a regular or special meeting shall vote "yes" or "no" when a question is put, unless excused from voting by a motion adopted by a majority of the members present.

(c)   Notwithstanding the provisions of Charter Section 10.101, the Board of Supervisors shall provide by ordinance for parental leave policies for members of appointive boards, commissions or other units of government, including, but not limited to, authorization to participate in meetings by teleconferencing or other electronic means pursuant to subsection (b) and subject to the restrictions listed in that subsection.

(Amended by Proposition B, Approved 11/7/2006)


## SEC. 4.105. PLANNING COMMISSION.

GENERAL. The Planning Commission shall consist of seven members nominated and appointed pursuant to this section. Four of the members shall be nominated by the Mayor, and three of the members shall be nominated by the President of the Board of Supervisors. Charter Section 4.101 shall apply to these appointments, with particular emphasis on the geographic diversity of City neighborhoods. Vacancies shall be filled by the appointing officer.

Each nomination of the Mayor and the President of the Board of Supervisors is subject to approval by the Board of Supervisors, and shall be the subject of a public hearing and vote within 60

days. If the Board fails to act on the nomination within 60 days of the date the nomination is transmitted to the Clerk of the Board of Supervisors, the nominee shall be deemed approved. The appointment shall become effective on the date the Board adopts a motion approving the nomination or after 60 days of the date the nomination is transmitted to the Clerk of the Board of Supervisors.

Members may be removed by the appointing officer only pursuant to Section 15.105.

In order to stagger the terms, three members shall initially serve two-year terms, and four members shall initially service four-year terms. The initial two and four-year terms of office shall be instituted as follows:

> 1. The respective terms of office of members of the Planning Commission who hold office on the first day of July, 2002, shall expire at 12 o'clock noon on that date, and the four members appointed by the Mayor and the three members appointed by the President of the Board of Supervisors shall succeed to said offices at that time.

> 2. The Clerk of the Board of Supervisors shall determine by lot which two of the four Mayoral appointees shall serve an initial two-year term, and which one of the three appointees of the President of the Board of Supervisors shall serve an initial two-year term. The remaining appointees shall serve four-year terms. All subsequent terms shall be four years.

The Commission shall provide the Mayor with at least three qualified candidates for Director of Planning, selected on the basis of administrative and technical qualifications, with special regard for experience, training and knowledge in the field of City planning.

The Commission may contract with consultants for such services as it may require subject to the fiscal provisions of this Charter.

GENERAL PLAN. The Commission shall periodically recommend to the Board of Supervisors for approval or rejection proposed amendments to the General Plan. If the Board of Supervisors fails to act within 90 days of receipt, the proposed General Plan or amendments shall be deemed approved. The General Plan which will initially consist of the Master Plan in effect immediately prior to the effective date of this Charter shall consist of goals, policies and programs for the future physical development of the City and County that take into consideration social, economic and environmental factors. In developing their recommendations, the Commission shall consult with commissions and elected officials, and shall hold public hearings as part of a comprehensive planning process. The Planning Department, in consultation with other departments and the City Administrator, shall periodically prepare special area, neighborhood and other plans designed to carry out the General Plan, and periodically prepare implementation programs and schedules which link the General Plan to the allocation of local, state and federal resources. The Planning Department may make such other reports and recommendations to the Mayor, Board of Supervisors and other offices and governmental units as it may deem necessary to secure understanding and a systematic effectuation of the General Plan.

In preparing any plans, the Planning Department may include plans for systems and areas within the Bay Region which have a planning relationship with the City and County.

REFERRAL OF CERTAIN MATTERS. The following matters shall, prior to passage by the Board of Supervisors, be submitted for writ ten report by the Planning Department regarding conformity with the General Plan:

> 1. Proposed ordinances and resolutions concerning the acquisition or vacation of property by, or a change in the use or title of property owned by, the City and County;

> 2. Subdivisions of land within the City and County;

> 3. Projects for the construction or improvement of public buildings or structures within the City and County;

> 4. Project plans for public housing, or publicly assisted private housing in the City and

County;

5. Redevelopment project plans within the City and County; and

6. Such other matters as may be prescribed by ordinance.

The Commission shall disapprove any proposed action referred to it upon a finding that such action does not conform to the General Plan. Such a finding may be reversed by a vote of two-thirds of the Board of Supervisors.

All such reports and recommendations shall be issued in a manner and within a time period to be determined by ordinance.

PERMITS AND LICENSES. All permits and licenses dependent on, or affected by, the City Planning Code administered by the Planning Department shall be approved by the Commission prior to issuance. The Commission may delegate this approval function to the Planning Department. Notwithstanding the foregoing, certificates of appropriateness for work to designated landmarks and historic districts and applications for alterations to significant or contributory buildings or properties in designated conservation districts that have been approved, disapproved, or modified by the Historic Preservation Commission shall not require approval by the Commission prior to issuance.

ENFORCEMENT. The Planning Department shall administer and enforce the City Planning Code.

ZONING AMENDMENTS. The Commission may propose for consideration by the Board of Supervisors ordinances regulating or controlling the height, area, bulk, set-back, location, use or related aspects of any building, structure or land. An ordinance proposed by the Board of Supervisors concerning zoning shall be reviewed by the Commission. Applications for the reclassification of property may be made by interested parties and must be reviewed by the Commission. Notwithstanding the foregoing, designation of a landmark, a significant or contributory building, an historic district, or a conservation district shall be reviewed by the Commission only as provided in Section 4.135.

Notwithstanding the Commission's disapproval of a proposal from the Board of Supervisors or the application of interested parties, the Board of Supervisors may adopt the proposed ordinance; however, in the case of any proposal made by the application of interested parties, any such adoption shall be by a vote of not less than two-thirds of the Board of Supervisors.

No application of interested parties proposing the same or substantially the same ordinance as that disapproved by the Commission or by the Board of Supervisors shall be resubmitted to or reconsidered by the Commission within a period of one year from the effective date of final action upon the earlier application.

ZONING ADMINISTRATOR. The Director of Planning shall appoint a Zoning Administrator from a list of qualified applicants provided pursuant to the Civil Service provisions of the Charter. The Zoning Administrator shall be responsible for the determination of all zoning variances. The administrator shall have the power to grant only those variances that are consistent with the general purpose and the intent of the zoning ordinance, and in accordance with the general and specific rules of the zoning ordinance, subject to such conditions and safeguards as the Zoning Administrator may impose. The power to grant variances shall be applied only when the plain and literal interpretation and enforcement of the zoning ordinance would result in practical difficulties, unnecessary hardships or where the results would be inconsistent with the general purpose of the zoning ordinance. Decisions of the Zoning Administrator regarding zoning variances may be appealed to the Board of Appeals.

Before any such variance may be granted, there shall appear, and the Zoning Administrator shall specify in his or her findings, the facts in each case which shall establish:

(a) That there are exceptional or extraordinary circumstances or conditions applying to the property involved or to the intended use of the property that do not apply generally to the property or class of uses in the same district or zone;

(b) That owning to such exceptional or extraordinary circumstances the literal

enforcement of the zoning ordinance would result in practical difficulty or unnecessary hardship not created by or attributable to the applicant or the owner of the property;

(c)   That such variance is necessary for the preservation and enjoyment of a substantial property right of the applicant, possessed by other property in the same zone and vicinity;

(d)   That the granting of the variance will not be materially detrimental to the public welfare or injurious to the property or improvements in such zone or district in which the property is located; and

(e)   That the granting of such variance will be in harmony with the general purpose and intent of the zoning ordinance and will not adversely affect the general plan.

The determination of the Zoning Administrator shall be final except that appeals therefrom may be taken, as hereinafter provided, to the Board of Appeals, exclusively and notwithstanding any other provisions of this Charter, by any person aggrieved or by any office, agency, or department of the City and County. An appeal from a determination of the Zoning Administrator shall be filed with the Board of Appeals within ten days from the date of such determination. Upon making a ruling or determination upon any matter under his or her jurisdiction, the Zoning Administrator shall thereupon furnish a copy thereof to the applicant and to the Director of Planning. No variance granted by the Zoning Administrator shall become effective until ten days thereafter. An appeal shall stay all proceedings in furtherance of the action appealed from.

CONDITIONAL USE. The Commission shall have the power to hear and decide conditional use applications. An appeal may be taken to the Board of Supervisors from a decision of the Commission to grant or deny a conditional use application. The Board of Supervisors may disapprove the decision of the Commission by a vote of not less than two-thirds of the members of the Board.

(Amended March 2002; Amended by Proposition J, 11/4/2008)

## SEC. 4.106. BOARD OF APPEALS.

(a)   The Board of Appeals shall consist of five members nominated and appointed pursuant to this section. Three of the members shall be nominated by the Mayor, and two of the members shall be appointed by the President of the Board of Supervisors. Charter Section 4.101 shall apply to these appointments. Vacancies shall be filled by the appointing officer.

Each nomination of the Mayor and the President of the Board of Supervisors is subject to approval by the Board of Supervisors, and shall be the subject of a public hearing and vote within 60 days. If the Board fails to act on the nomination within 60 days of the date the nomination is transmitted to the Clerk of the Board of Supervisors, the nominee shall be deemed approved. The appointment shall become effective on the date the Board adopts a motion approving the nomination or after 60 days of the date the nomination is transmitted to the Clerk of the Board of Supervisors.

Members may be removed by the appointing officer only pursuant to Section 15.105.

In order to stagger the terms, three members shall initially serve two-year terms, and two members shall initially service four-year terms. The initial two and four-year terms of office shall be instituted as follows:

1.   The respective terms of office of members of the Board of Appeals who hold office on the first day of July, 2002, shall expire at 12 o'clock noon on that date, and the three members appointed by the Mayor and the two members appointed by the President of the Board of Supervisors shall succeed to said offices at that time.

2.   The Clerk of the Board of Supervisors shall determine by lot which two of the three Mayoral appointees shall serve an initial two-year term, and which one of the two appointees of the President of the Board of Supervisors shall serve an initial two-year

term. The remaining appointees shall serve four-year terms. All subsequent terms shall be four years.

The Board shall appoint and may remove an executive secretary, who shall serve as department head.

(b)   The Board shall hear and determine appeals with respect to any person who has been denied a permit or license, or whose permit or license has been suspended, revoked or withdrawn, or who believes that his or her interest or the public interest will be adversely affected by the grant, denial, suspension or revocation of a license or permit, except for a permit or license under the jurisdiction of the Recreation and Park Commission or Department, or the Port Commission, or a building or demolition permit for a project that has received a permit or license pursuant to a conditional use authorization.

(c)   The Board of Appeals shall hear and determine appeals:

1.   Where it is alleged there is error or abuse of discretion in any order, requirement, decision or determination made by the Zoning Administrator in the enforcement of the provisions of any ordinance adopted by the Board of Supervisors creating zoning districts or regulating the use of property in the City and County; or

2.   From the rulings, decisions and determinations of the Zoning Administrator granting or denying applications for variances from any rule, regulation, restriction or requirement of the zoning or set-back ordinances, or any section thereof. Upon the hearing of such appeals, the Board may affirm, change, or modify the ruling, decision or determination appealed from, or, in lieu thereof, make such other additional determinations as it shall deem proper in the premises, subject to the same limitations as are placed upon the Zoning Administrator by this Charter or by ordinance.

(d)   After a hearing and any necessary investigation, the Board may concur in the action of the department involved, or by the affirmative vote of four members (or if a vacancy exists, by a vote of three members) overrule the action of the Department.

Where the Board exercises its authority to modify or overrule the action of a department, the Board shall state in summary its reasons in writing.

(Amended March 2002)


## SEC. 4.107. HUMAN RIGHTS COMMISSION.

The Human Rights Commission shall consist of eleven members appointed by the Mayor, pursuant to Section 3.100, for four-year terms. Members may be removed by the Mayor.

The Commission shall:

1.   Investigate complaints of unlawful discrimination against any person;

2.   Ensure the civil rights of all persons;

3.   Ensure that the affirmative action plans of each department of the City and County are current and are being properly implemented; and report on the implementation of such affirmative action plans to the Mayor and Board of Supervisors;

4.   Promote understanding among the residents of the City and County and work cooperatively with governmental agencies, community group and others to eliminate discrimination and the results of past discrimination by furnishing information, guidance and technical assistance;

5.   Study, investigate, mediate and make recommendations with respect to the solving of community- wide problems resulting in intergroup tensions and discrimination;

6.   Implement the provisions of ordinances prohibiting discrimination in all contracts and subsequent subcontracts, franchises, leases, concessions or other agreements for or on behalf of the City and County; and

7.   Issue such rules and regulations for the conduct of its business, and prepare such ordinances with respect to human rights for consideration by the Board of Supervisors as are necessary to carry out the purposes of this section.

In performing its duties, the Commission may hold hearings, issue subpoenas to require witnesses to appear and require the production of evidence, administer oaths, take testimony and issue appropriate orders and petitions for court orders in such manner as may be prescribed by law.

## SEC. 4.108. FIRE COMMISSION.

The Fire Commission shall consist of five members appointed by the Mayor, pursuant to Section 3.100, for four-year terms. Members may be removed by the Mayor. In addition to any other powers set forth in this Charter, the Fire Commission is empowered to prescribe and enforce any reasonable rules and regulations that it deems necessary to provide for the efficiency of the Department, provided that the civil service and ethics provisions of this Charter shall control in the event of any conflict with rules adopted under this section.

(Amended November 2003)

## SEC. 4.109. POLICE COMMISSION.

The Police Commission shall consist of seven members appointed pursuant to this section. The Mayor shall nominate four members to the commission, at least one of whom shall be a retired judge or an attorney with trial experience. The Rules Committee of the Board of Supervisors, or any successor committee thereto, shall nominate three other members to the commission. Each nomination shall be subject to confirmation by the Board of Supervisors, and the Mayor's nominations shall be the subject of a public hearing and vote within 60 days. If the Board of Supervisors rejects the Mayor's nomination to fill the seat designated for a retired judge or attorney with trial experience, the Mayor shall nominate a different person with such qualifications. If the Board of Supervisors fails to act on a mayoral nomination within 60 days of the date the nomination is transmitted to the Clerk of the Board of Supervisors, the nominee shall be deemed confirmed. Appointments to fill a vacancy on the commission shall become operative on the date the Board of Supervisors adopts a motion confirming the nomination, or on the 61st day following the date a mayoral nomination is transmitted to the Clerk of the Board of Supervisors if the Board of Supervisors fails to vote on the nomination prior to such date. Confirmations of nominations to fill a vacancy that will be created upon the expiration of a sitting member's term shall become operative upon the expiration of the sitting member's term, or, if the Board of Supervisors fails to act on a mayoral nomination to fill anticipated vacancy, on the 61st day following the date the nomination was transmitted to the Clerk of the Board of Supervisors or on the expiration of the sitting member's term, whichever occurs later. The terms and tenures of all members sitting on the commission as of the effective date of the amendments to this section approved at the November 2003 election shall terminate at 12 noon on April 30, 2004. To stagger the terms of the seven members thereafter, of the first four members nominated by the Mayor, two members shall serve terms of two years and two members shall serve terms of four years, and of the three members nominated by the Rules Committee, one member shall serve a term of one year, one member shall serve a term of two years, and one member shall serve a term of three years. The Clerk of the Board of Supervisors shall designate such initial terms by lot. All subsequent appointments to the commission shall be for four-year terms.

The tenure of each member shall terminate upon the expiration of the member's term. The Mayor shall transmit a nomination or renomination to the Clerk of the Board of Supervisors no later than

60 days prior to the expiration of the term of a member nominated by the Mayor. For vacancies occurring for reasons other than the expiration of a member's term, within 60 days following the creation of such vacancy, the Mayor shall nominate a member to fill such vacancy if the vacancy is for a seat filled by nomination of the Mayor.

The District Attorney, Sheriff and Public Defender may recommend persons to the Mayor and Board of Supervisors for nomination or appointment to the Police Commission.

The Mayor, with the consent of the Board of Supervisors, may remove a member the Mayor has nominated. The Board of Supervisors may remove a member the Rules Committee has nominated.

Notwithstanding any other provision of the Charter, the Chief of Police may be removed by the Commission or the Mayor, acting jointly or separately of each other. In addition to any other powers set forth in this Charter, the Police Commission is empowered to prescribe and enforce any reasonable rules and regulations that it deems necessary to provide for the efficiency of the Department, provided that the civil service and ethics provisions of this Charter shall control in the event of any conflict with rules adopted under this section.

(Amended November 2003)

## SEC. 4.110. HEALTH COMMISSION.

The Health Commission shall consist of seven members appointed by the Mayor, pursuant to Section 3.100, for four-year terms. The Commission shall have less than a majority of direct care providers. Members may be removed by the Mayor only pursuant to Section 15.105. The Commission shall control the property under its jurisdiction.

The Commission and the Department shall manage and control the City and County hospitals, emergency medical services, and in general provide for the preservation, promotion and protection of the physical and mental health of the inhabitants of the City and County, except where the Charter grants such authority to another officer or department. The Commission and the Department may also determine the nature and character of public nuisances and provide for their abatement.

## SEC. 4.111. HUMAN SERVICES COMMISSION.

The Human Services Commission shall consist of five members appointed by the Mayor, pursuant to Section 3.100, for four-year terms. Members may be removed by the Mayor only pursuant to Section 15.105.

## SEC. 4.112. PUBLIC UTILITIES COMMISSION.

(a)  The Public Utilities Commission shall consist of five members appointed by the Mayor, subject to confirmation by a majority of the Board of Supervisors. Each of the members shall serve for a term of four years. Members may be removed by the Mayor only pursuant to Section 15.105.

(b)  Seat 1 on the Commission shall be a member with experience in environmental policy and an understanding of environmental justice issues. Seat 2 shall be a member with experience in ratepayer or consumer advocacy. Seat 3 shall be a member with experience in project finance. Seat 4 shall be a member with expertise in water systems, power systems, or public utility management, and Seat 5 shall be an at-large member.

(c)  The respective terms of office of members of the Public Utilities Commission who old office on August 1, 2008 shall expire at noon on that date, and the members appointed pursuant to the amendments to this Section approved at the June 2008 election shall succeed to said office

at that time. In order to provide for staggered terms, the members appointed to Seats 2 and 4 shall serve for an initial term of two years from August 1, 2008. The remaining three members appointed to Seats 1, 3, and 5 shall serve for an initial term of four years from August 1, 2008, and thereafter the terms of all members shall be four years.

(d)  The Commission shall have charge of the construction, management, supervision, maintenance, extension, operation, use and control of all water and energy supplies and utilities of the City as well as the real, personal and financial assets, which are under the Commission's jurisdiction on the operative date of this Charter, or assigned pursuant to Section 4.132.

(Amended by Proposition E, Election 6/3/2008)


## SEC. 4.113. RECREATION AND PARK COMMISSION.

The Recreation and Park Commission shall consist of seven members appointed by the Mayor, pursuant to Section 3.100, for four-year terms. Members may be removed by the Mayor only pursuant to Section 15.105.

Pursuant to the policies and directives set by the Commission and under the direction and supervision of the General Manager, the Recreation and Park Department shall manage and direct all parks, playgrounds, recreation centers and all other recreation facilities, avenues and grounds under the Commission's control or placed under its jurisdiction thereafter, unless otherwise specifically provided in this Charter.

The Department shall promote and foster a program providing for organized public recreation of the highest standard.

The Department shall issue permits for the use of all property under the Commission's control, pursuant to the policies established by the Commission.

As directed by the Commission, the Department shall administer the Park, Recreation and Open Space Fund pursuant to Section 16.107 of this Charter.

The Department shall have the power to construct new parks, playgrounds, recreation centers, recreation facilities, squares and grounds, and to erect and maintain buildings and structures on parks, playgrounds, square, avenues and grounds, except as follows:

1.  No building or structure, except for nurseries, equipment storage facilities and comfort stations, shall be erected, enlarged or expanded in Golden Gate Park or Union Square Park unless such action has been approved by a vote of two-thirds of the Board of Supervisors;

2.  No park land may be sold or leased for non-recreational purposes, nor shall any structure on park property be built, maintained or used for non-recreational purposes, unless approved by a vote of the electors. However, with permission of the Commission and approval by the Board of Supervisors, subsurface space under any public park, square or playground may be used for the operation of a public automobile parking station under the authority of the Department of Parking and Traffic, provided that the Commission determines that such a use would not be, in any material respect or degree, detrimental to the original purpose for which a park, square or playground was dedicated or in contravention of the conditions of any grant under which a park, square or playground might have been received. The revenues derived from any such use, less the expenses incurred by the Department of Parking and Traffic in operating these facilities, shall be credited to Recreation and Park Department funds.

3.  The Commission shall have the power to lease or rent any stadium or recreation field under its jurisdiction for athletic contests, exhibitions and other special events and may permit the lessee to charge an admission fee.

(Amended March 2000)


## SEC. 4.114. PORT COMMISSION.

The Port Commission shall consist of five members who shall be appointed by the Mayor, subject to confirmation by a majority of the Board of Supervisors. Each of the members shall serve for a term of four years. They shall be subject to recall, suspension and removal in the same manner as an elected official.

The Commission shall have the composition and organization, and the powers, duties and responsibilities with respect to the Port that are set forth in the Burton Act, Statutes of 1968, Chapter 1333, as amended, and in the Agreement Relating to the Transfer of the Port of San Francisco from the State of California to the City and County, executed on the 24th day of January 1969.

The Commission shall be subject to the provisions of Sections 4.101 through 4.103 of this Charter, so far as those powers and duties are not inconsistent with the Burton Act and the Transfer Agreement as they are referred to in the above paragraph.


## SEC. 4.115. AIRPORT COMMISSION.

The Airport Commission shall consist of five members appointed by the Mayor, pursuant to Section 3.100, for four-year terms. Members may be removed by the Mayor only pursuant to Section 15.105.

The Commission shall provide the Mayor with at least three qualified candidates for Director of Airports, related on the basis of executive, administrative and technical qualifications.

The Commission shall have charge of the construction, management, supervision, maintenance, extension, operation, use and control of all property, as well as the real, personal and financial assets which are under the Commission's jurisdiction.

Subject to the approval, amendment or rejection of the Board of Supervisors of each issue, the Commission shall have exclusive authority to plan and issue revenue bonds for airport-related purposes.


## SEC. 4.116. PARKING AND TRAFFIC COMMISSION.

The Parking and Traffic Commission shall consist of five members appointed by the Mayor, pursuant to Section 3.100, for four-year terms. Members may be removed by the Mayor.

If not in conflict with state law, members of the Commission, or its successor, shall serve ex officio as members of the Parking Authority. Any person may serve concurrently as a member of the Parking Authority and the Parking and Traffic Commission. The Commission shall control all property under its jurisdiction.

**Editor's note:** Proposition E, adopted November 2, 1999, enacted Charter Sec. 8A.112, and repealed this Charter Section 4.116, to become effective July 1, 2002.


## SEC. 4.117. ENTERTAINMENT COMMISSION.

The San Francisco Entertainment Commission shall consist of seven members nominated and appointed pursuant to this section. The Mayor shall nominate four members to the commission, and the Board of Supervisors shall appoint, by motion, three other members to the commission. Each

nomination of the Mayor shall be subject to approval by the Board of Supervisors, and shall be the subject of a public hearing and vote within 60 days. If the Board of Supervises fails to act on a mayoral nomination within 60 days of the date the nomination is transmitted to the Clerk of the Board of Supervisors, the nominee shall be deemed approved. Appointments to the commission shall become effective on the date the Board of Supervisors adopts a motion approving the nomination or on the 61st day following the date the mayoral nomination was transmitted to the Clerk of the Board of Supervisors if the Board of Supervisors fails to act upon the nomination prior to such date.

Of the four members nominated by the Mayor, the Mayor shall nominate one member to represent the interests of City neighborhood associations or groups, one member to represent the interests of entertainment associations or groups, one member to represent the interests of the urban planning community, and one member to represent the interests of the law enforcement community. Of the three members of the commission appointed by the Board of Supervisors, one member shall represent the interests of City neighborhood associations or groups, one member shall represent the interests of entertainment associations or groups, and one member shall represent the interests of the public health community.

To stagger the terms of the members, the initial appointments to the commission shall be as follows: the Mayor shall nominate two members to serve terms of four years, one member to serve a term of three years, and one member to serve a term of two years. Of the three remaining members of the commission, the Board of Supervisors shall appoint one member to serve a term of four years, one member to serve a term of three years, and one member to serve a term of two years. Except for appointments to fill a vacancy, all subsequent appointments shall be for a term of four years.

Members of the commission nominated by the Mayor may be suspended by the Mayor and removed by the Board of Supervisors only as set forth in Section 15.105. Members of the commission appointed directly by the Board of Supervisors may be suspended by a motion of the Board of Supervisors approved by six votes and may be removed by the Board of Supervisors only as set forth in Section 15.105.

(Added November 2002)


## SEC. 4.118. COMMISSION ON THE ENVIRONMENT.

The Commission on the Environment shall consist of seven members appointed by the Mayor, pursuant to Section 3.100, for four-year terms. Members may be removed by the Mayor.

The Department of the Environment shall regularly produce an assessment of San Francisco's environmental condition. It shall also produce and regularly update plans for the long-term environmental sustainability of San Francisco.

Pursuant to the policies and directives set by the Commission, and under the supervision and direction of the department head, the Department shall manage the environmental programs, duties and functions assigned to it pursuant to Section 4.132 or by ordinance.

The Commission shall have the authority to review and make recommendations on any policy proposed for adoption by any City agency regarding conformity with the long-term plans for environmental sustainability, except for those regarding building and land use.

The Commission may investigate and make recommendations to all City agencies related to operations and functions, such as:

1. Solid waste management;

2. Recycling;

3. Energy conservation;

4. Natural resource conservation;

5. Environmental inspections;

6. Toxics;

7. Urban forestry and natural resources;

8. Habitat restoration; and

9. Hazardous materials.

The Commission shall conduct public education and outreach to the community on environmental issues, including, but not limited to each of the categories listed above.

## SEC. 4.119. COMMISSION ON THE STATUS OF WOMEN.

The Commission on the Status of Women shall consist of seven members. Commission members shall be appointed by the Mayor, pursuant to Section 3.100, for four-year terms. Members may be removed by the Mayor only pursuant to Section 15.105. The Commission shall develop and recommend policies and practices for the City and County to reduce the particular impacts on women and girls of problems such as domestic violence, sexual harassment, employment and health care inequity, and homelessness, as well as advocate on behalf of women and girls in such areas. The Commission may be assigned additional duties and functions by ordinance or pursuant to Section 4.132.

## SEC. 4.120. COMMISSION ON AGING.

The Commission on the Aging shall consist of seven members appointed by the Mayor, pursuant to Section 3.100, for four-year terms. Members may be removed by the Mayor. The duties and functions of the Commission shall be assigned pursuant to Section 4.132.

## SEC. 4.121. BUILDING INSPECTION COMMISSION.

The Building Inspection Commission shall consist of seven members. Four members shall be appointed by the Mayor for a term of two years. Three members shall be appointed by the President of the Board of Supervisors for a term of two years. Members may be removed by the appointing officer only pursuant to Section 15.105. Vacancies occurring in the offices of appointive members, either during or at the expiration of a term, shall be filled by the appointing officer.

The four Mayoral appointments shall consist of a structural engineer, a licensed architect, a residential builder, and a representative of a community-based non-profit housing development corporation. The three Supervisorial appointments shall consist of a residential tenant, a residential landlord, and a member of the general public.

Notwithstanding any other provision of the Charter, the Commission shall have the power to appoint and remove a department head.

## SEC. 4.122. YOUTH COMMISSION.

There is hereby established a commission to be known as the Youth Commission (hereinafter called "Commission") to advise the Board of Supervisors and Mayor on issues relating to children and youth. The Commission shall operate under the jurisdiction of the Board of Supervisors.

## SEC. 4.123. YOUTH COMMISSION MEMBERSHIP; APPOINTMENT; TERMS; MEETINGS; COMPENSATION; DIRECTOR.

(a) Commission Membership. The Commission shall consist of seventeen (17) voting members, each of whom shall be between the ages of 12 and 23 years at the time of appointment. Each member of the Board of Supervisors and the Mayor shall appoint one member to the Commission. The Mayor shall also appoint five (5) members from underrepresented communities to ensure that the Commission represents the diversity of the City. All appointments shall be completed by the sixtieth day after the effective date of this charter amendment and by that date of each year thereafter. Commission members shall serve at the pleasure of their appointing authorities.

The Commission shall consist of individuals who have an understanding of the needs of young people in San Francisco, or experience with children and youth programs or youth organizations, or involvement with school or community activities. The members shall represent the diversity of ethnicity, race, gender and sexual orientation of the people of the City and County, and shall be residents of the City and County.

(b) Term of Office. Members shall serve a term of one year. The first one year term for all members shall begin upon the date the Clerk of the Board of Supervisors certifies that all members of the Commission have been appointed following the adoption of this charter amendment. Future terms of office shall begin on that date of each successive year. Members shall conduct the first meeting of the Commission within thirty days of the appointment of all members.

In the event a vacancy occurs during the term of office of any voting member, a successor shall be appointed to complete the unexpired term of the office vacated in a manner similar to that which the member was initially appointed.

(c) Removal of Members. Any member whom the Commission certifies to have missed three regularly scheduled meetings of the Commission in any six month period without prior authorization of the Commission shall be deemed to have resigned from the Commission effective on the date of the written certification from the Commission.

(d) Compensation. Members of the Commission shall not be compensated, nor shall they be reimbursed for expenses.

(e) Meetings. The Commission shall meet at least once a month.

(f) Minutes of Meetings. The Commission shall prepare and maintain permanent minutes of the actions taken during its meetings, and shall file copies with the Clerk of the Board of Supervisors.

(g) Bylaws. To aid in the orderly conduct of business, the Commission shall have the authority to create, amend, and repeal its own code of bylaws.

## SEC. 4.124. YOUTH COMMISSION--PURPOSE AND DUTIES.

The purpose of the Commission is to collect all information relevant to advising the Board of Supervisors and Mayor on the effects of legislative policies, needs, assessments, priorities, programs, and budgets concerning the children and youth of San Francisco. Before the Board of Supervisors takes final action on any matter that primarily affects children and youth of the City and County, the Clerk of the Board of Supervisors shall refer the matter to the Commission for comment and recommendation. The Commission shall provide any response it deems appropriate within 12 days of the date the Board of Supervisors referred the matter to the Commission. After the 12 day period has

elapsed, the Board of Supervisors may act on the matter whether or not the Board has received a response. This referral requirement shall not apply to any matter where immediate action by the Board of Supervisors is necessary to protect the public interest. The Commission shall have the following duties and functions:

(a) Identify the concerns and needs of the children and youth of San Francisco; examine existing social, economic, educational, and recreational programs for children and youth; develop and propose plans that support or improve such programs; and make recommendations thereon to the Mayor and Board of Supervisors.

(b) Identify the unmet needs of San Francisco's children and youth through personal contact with these young people, school officials, church leaders, and others; and hold public forums in which both youth and adults are encouraged to participate.

(c) Elicit the interest, support, and mutual cooperation of private groups (such as fraternal orders, service clubs, associations, churches, businesses, and youth organizations) and City-wide neighborhood planning collaborative efforts for children, youth and families that initiate and sponsor recommendations that address the social, economic, educational, and recreational needs of children and youth in San Francisco. Advise the Board of Supervisors and Mayor about how such recommendations could be coordinated in the community to eliminate duplication in cost and effort.

(d) Advise about available sources of governmental and private funding for youth programs.

(e) Submit recommendations to the Mayor and Board of Supervisors about juvenile crime prevention, job opportunities for youth, recreational activities for teenagers, opportunities for effective participation by youth in the governmental process, and changes in City and County regulations that are necessary to improve the social, economic, educational, and recreational advantages of children and youth.

(f) Respond to requests for comment and recommendation on matters referred to the Commission by officers, departments, agencies, boards, commissions and advisory committees of the City and County.

(g) Report to the Board of Supervisors the activities, goals, and accomplishments of the Commission by July 1 of each calendar year, effective July 1, 1997.

## SEC. 4.125. JURISDICTION.

The Commission shall be under the jurisdiction of the Board of Supervisors; the Commission shall have only those powers created by Sections 4.122 through 4.125 or by ordinance of the Board of Supervisors.

## SEC. 4.126. DEPARTMENTS--GENERAL PROVISIONS.

Except as otherwise provided by this Charter, the responsibilities of each department within the executive branch shall be prescribed by ordinance.

The administration and management of each department within the executive branch shall be the responsibility of the department head. Such officials may:

1. Appoint qualified individuals to fill all positions within their departments which are exempt from the Civil Service provisions of this Charter;

2. Adopt rules and regulations governing matters within the jurisdiction of their respective departments, subject, if applicable, to Section 4.102; and

3.  With the approval of the City Administrator, reorganize their respective departments.

No person serving on a board or commission created by state law to discharge a state function specifically within the City and County may be employed as a paid staff member to a board or commission created by this Charter.

## SEC. 4.127. POLICE DEPARTMENT.

The Police Department shall preserve the public peace, prevent and detect crime, and protect the rights of persons and property by enforcing the laws of the United States, the State of California and the City and County.

The Chief of Police may appoint and remove at pleasure special police officers.

The Chief of Police shall have all powers which are now or that may be conferred upon a sheriff by state law with respect to the suppression of any riot, public tumult, disturbance of the public peace or organized resistance against the laws or public authority.

DISTRICT POLICE STATIONS. The Police Department shall maintain and operate district police stations. The Police Commission, subject to the approval by the Board of Supervisors, may establish additional district stations, abandon or relocate any district station, or consolidate any two or more district stations.

OFFICE OF CITIZEN COMPLAINTS. The Mayor shall appoint a nominee of the Police Commission as the director of the Office of Citizen Complaints, subject to confirmation by the Board of Supervisors. The director shall serve at the pleasure of the Police Commission. If the Board fails to act on the appointment within 30 days, the appointment shall be deemed approved. In the event the office is vacant, until the mayor makes an appointment and that appointment is confirmed by the Board, the Police Commission shall appoint an interim director who shall serve at the pleasure of the Police Commission. The appointment shall be exempt from the civil service requirements of this Charter. The director shall never have been a uniformed member or employee of the department. The director of the Office of Citizen Complaints shall be the appointing officer under the civil service provisions of this Charter for the appointment, removal or discipline of employees of the Office of Citizen Complaints.

The Police Commission shall have the power and duty to organize, reorganize and manage the Office of Citizen Complaints. Subject to the civil service provisions of this Charter, the Office of Citizen Complaints shall include investigators and hearing officers. As of July 1, 1996, the staff of the Office of Citizen Complaints shall consist of no fewer than one line investigator for every 150 sworn members. Whenever the ratio of investigators to police officers specified by this section is not met for more than 30 consecutive days, the director shall have the power to hire, and the City Controller must pay, temporary investigators to meet such staffing requirements. No full-time or part-time employee of the Office of Citizen Complaints shall have previously served as a uniformed member of the department. Subject to rule of the Police Commission, the director of the Office of Citizen Complaints may appoint part-time hearing officers who shall be exempt from the civil service requirements of this Charter. Compensation of the hearing officers shall be at rates recommended by the Commission and established by the Board of Supervisors or by contract approved by the Board of Supervisors.

Complaints of police misconduct or allegations that a member of the Police Department has not properly performed a duty shall be promptly, fairly and impartially investigated by staff of the Office of Citizen Complaints. The Office of Citizen Complaints shall investigate all complaints of police misconduct, or that a member of the Police Department has not properly performed a duty, except those complaints which on their face clearly indicate that the acts complained of were proper and those complaints lodged by other members of the Police Department. The Office of Citizen Complaints shall use its best efforts to conclude investigations of such complaints and, if sustained, transmit the sustained complaint to the Police Department within nine (9) months of receipt thereof by the Office of Citizen Complaints. If the Office of Citizen Complaints is unable to conclude its investigation within such nine-month period, the director of the Office of Citizen Complaints, within such nine-month period, shall

inform the Chief of Police of the reasons therefor and transmit information and evidence from the investigation as shall facilitate the Chief's timely consideration of the matter. The Office of Citizen Complaints shall recommend disciplinary action to the Chief of Police on those complaints that are sustained. The director of the Office of Citizen Complaints, after meeting and conferring with the Chief of Police or his or her designee, may verify and file charges with the Police Commission against members of the Police Department arising out of sustained complaints; provided, that the director may not verify and file such charges for a period of 60 days following the transmittal of the sustained complaint to the Police Department unless the director issues a written determination that the limitations period within which the member or members may be disciplined under Government Code Section 3304, as amended from time to time or any successor provisions thereto, may expire within such 60-day period and either (i) the Chief of Police fails or refuses to file charges with the Police Commission arising out of the sustained complaint, (ii) the Chief of Police or his or her designee fails or refuses to meet and confer with the director on the matter, or (iii) other exigent circumstances necessitate that the director verify and file charges to preserve the ability of the Police Commission to impose punishment pursuant to Section A8.343. The director of the Office of Citizen Complaints shall schedule hearings before hearing officers when such is requested by the complainant or a member of the department and, in accordance with rules of the Commission, such a hearing will facilitate the fact-finding process. The Board of Supervisors may provide by ordinance that the Office of Citizen Complaints shall in the same manner investigate and make recommendations to the Chief of Police regarding complaints of misconduct by patrol special police officers and their uniformed employees.

Nothing herein shall prohibit the Chief of Police or a commanding officer from investigating the conduct of a member of the department under his or her command, or taking disciplinary or corrective action, otherwise permitted by this Charter, when such is warranted; and nothing herein shall limit or otherwise restrict the disciplinary powers vested in the Chief of Police and the Police Commission by other provisions of this Charter.

The Office of Citizen Complaints shall prepare in accordance with rules of the Commission monthly summaries of the complaints received and shall prepare recommendations quarterly concerning policies or practices of the department which could be changed or amended to avoid unnecessary tension with the public or a definable segment of the public while insuring effective police services. The Office of Citizen Complaints shall prepare a report for the President of the Board of Supervisors each quarter. This report shall include, but not be limited to, the number and type of complaints filed, the outcome of the complaints, and a review of the disciplinary action taken. The President of the Board of Supervisors shall refer this report to the appropriate committee of the Board of Supervisors charged with public safety responsibilities. Said committee may issue recommendations as needed.

In carrying out its objectives the Office of Citizen Complaints shall receive prompt and full cooperation and assistance from all departments, officers and employees of the City and County which shall promptly produce all records requested by the Office of Citizen Complaints except for records the disclosure of which to the Office of Citizen Complaints is prohibited by law. The director may also request and the Chief of Police shall require the testimony or attendance of any member of the Police Department to carry out the responsibilities of the Office of Citizen Complaints.

BUDGET. Monetary awards and settlements disbursed by the City and County as a result of police action or inaction shall be taken exclusively from a specific appropriation listed as a separate line item in the Police Department budget for that purpose.

POLICE STAFFING. The police force of the City and County shall at all times consist of not fewer than 1,971 full duty sworn officers. The staffing level of the Police Department shall be maintained with a minimum of 1,971 full duty sworn officers thereafter. That figure may be adjusted pursuant to Section 16.123.

All officers and employees of the City and County are directed to take all acts necessary to implement the provisions of this section. The Board of Supervisors is empowered to adopt ordinances necessary to effectuate the purpose of this section including but not limited to ordinances regulating the scheduling of police training cases.

Further, the Commission shall initiate an annual review to civilianize as many positions as possible to maximize police presence in the communities and submit that report to the Board of Supervisors annually for review and approval.

The number of full duty sworn officers in the Police Department dedicated to neighborhood policing and patrol for fiscal year 1993-1994 shall not be reduced in future years, and all new full duty sworn officers authorized for the Police Department shall also be dedicated to neighborhood community policing, patrol and investigations.

PATROL SPECIAL POLICE OFFICERS. The Commission may appoint patrol special police officers and for cause may suspend or dismiss patrol special police officers after a hearing on charges duly filed with the Commission and after a fair and impartial trial. Patrol special police officers shall be regulated by the Police Commission, which may establish requirements for and procedures to govern the position, including the power of the Chief of Police to suspend a patrol special police officer pending a hearing on charges. Each patrol special police officer shall be at the time of appointment not less than 21 years of age and must possess such physical qualifications as may be required by the Commission.

Patrol special police officers may be designated by the Commission as the owners of a certain beat or territory which may be established or rescinded by the Commission. Patrol special police officers designated as the owners of a certain beat or territory or the legal heirs or representatives of the owners may dispose of their interest in the beat or territory to a person of good moral character, approved by the Police Commission and eligible for appointment as a patrol special police officer.

Commission designation of beats or territories shall not affect the ability of private security companies to provide on-site security services on the inside or at the entrance of any property located in the City and County.

(Amended November 2003; March 2004)


## SEC. 4.128. FIRE DEPARTMENT.

The Fire Department shall perform duties and enforce all applicable laws pertaining to the protection from, and the prevention, suppression, control and investigation of fires.

The Fire Chief shall cause the Fire Department to inspect all occupied or vacated structures to determine compliance with applicable laws relative to fire prevention, protection and control and also the protection of persons and property from fire.

The Fire Chief may during a conflagration cause to be removed any structure for the purpose of checking the progress of the conflagration.


## SEC. 4.129. DEPARTMENT OF ADMINISTRATIVE SERVICES.

The director of the Department of Administrative Services shall purchase all supplies, equipment and contractual services required by the several departments and offices of the City and County, except as otherwise provided in the Administrative Code. Except in cases of emergency, the director shall not enter into any contract or issue any purchase order unless the Controller shall certify thereon that sufficient unencumbered balances are available in the proper fund to meet the payments under such purchase order or contract as these become due. The director shall have charge of the central warehouses, central storerooms, central garage and shop.

The director shall by rules and regulations approved by the Controller, designate and authorize appropriate personnel within the Department of Administrative Services to exercise the director's signature powers for purchase orders and contract.

The director shall have authority to exchange used materials, supplies and equipment to the

advantage of the City and County, advertise for bids, and to sell and otherwise dispose of personal property belonging to the City and County. The director shall have authority to require the transfer of surplus property in any department to stores or to other departments.

The director shall manage all public buildings, facilities and real estate of the City and County, unless otherwise provided for in this Charter.

Additional duties and functions of the Department of Administrative Services shall be assigned the City Administrator, by ordinance or pursuant to Section 4.132.

## SEC. 4.130. DEPARTMENT OF PUBLIC WORKS.

The duties and functions of the Department of Public Works shall be assigned by the City Administrator, by ordinance or pursuant to Section 4.132.

## SEC. 4.131. COUNTY CLERK.

The County Clerk shall perform all duties of the County Clerk-Recorder until such office is merged into the Office of the Assessor-Recorder pursuant to Section 6.101.

## SEC. 4.132. EXECUTIVE BRANCH REORGANIZATION.

The Mayor, by issuing a notice to the Board of Supervisors, may reorganize duties and functions between departments and other units of government within the executive branch. Such reorganization shall become effective 30 days after its issuance unless disapproved by the Board of Supervisors during that time.

A proposed reorganization shall provide for the transfer of:

1.  Civil service employees who are engaged in the performance of a function or duty transferred to another office, agency or department; such transfer shall not adversely affect status, position, compensation or pension or retirement rights and privileges;

2.  Any unexpended balances of appropriations and other funds available for use in connection with any office, agency, department or function affected by the reorganization; any unexpended balance so transferred shall be used only for the purpose for which the appropriation was originally made, except as this Charter otherwise permits.

## SEC. 4.133. TAXI COMMISSION.

(a)  The Taxi Commission shall consist of seven members, appointed by the Mayor. The appointments shall include a member from the senior or disabled communities, a driver who does not hold a taxicab medallion, a manager in a taxicab company (either a medallion holder or a company representative), a member from the hospitality industry, a member from the labor community, a member from the neighborhoods, and a member of the general public not affiliated with any of the other enumerated categories.

Pursuant to Government Code Section 87103, individuals appointed to the Commission under this Section are intended to represent and further the interest of the particular industries, trades, or professions specified herein. Accordingly, it is found that for purposes of persons who hold such office, the specified industries, trades, or professions are tantamount to and constitute the public generally within the meaning of Government Code Section 87103.

Case 3:09-cv-01128-TEH Document 28-1 Filed 07/23/09 Page 36 of 73

The commissioners appointed to take office upon the effective date of this Charter section shall by lot classify their terms so that the terms of three of the commissioners shall expire at noon on the first anniversary of such date, and the terms of the remaining four commissioners shall expire at noon on the second anniversary of the effective date. On the expiration of these and successive terms of office, the appointments shall be made for two-year terms.

Members may be removed by the Mayor only pursuant to Section 15.105. Vacancies occurring in the offices of members, either during or at the expiration of a term, shall be filled by the Mayor.

(b)   Effective March 1, 1999, the Commission shall succeed to all powers and responsibilities relating to taxicabs and other motor vehicles for hire, other than criminal enforcement, now vested in the Police Commission, the Police Department or the Chief of Police. The Taxi Commission may be assigned additional duties and functions by ordinance or pursuant to Section 4.132.

(c)   All costs associated with the operations of the Taxi Commission, and such officers and employees as are necessary for the Commission to operate and administer the department and are authorized pursuant to the budgetary and fiscal provisions of the Charter, shall be recovered from permit, license and other fees charged to permit-holders, applicants, and other persons by the Commission. The Board of Supervisors shall set fees sufficient to offset the costs of the Commission's operations and any such officers and employees. Notwithstanding the above, the Board of Supervisors may continue to offer reduced fees to operators who participate in the City's Paratransit Program, and offset the reduction in revenues with a contribution from the General Fund.

(Added November 1998)

## SEC. 4.134.  SMALL BUSINESS COMMISSION.

(a)   There shall be a Small Business Commission to oversee the San Francisco Office of Small Business. The Commission shall consist of seven members, who shall serve at the pleasure of the appointing authority. The Mayor shall appoint four members of the Commission; the Board of Supervisors shall appoint the remaining three members. The Mayor shall designate two of his or her initial appointments to serve for two-year terms; the Board of Supervisors shall designate one of its initial appointments to serve a two-year term. Thereafter, all commissioners shall serve for four-year terms.

(b)   At least five of the individuals appointed to the Commission shall be owners, operators, or officers of San Francisco small businesses. One of the individuals appointed to the Commission may be either a current or former owner, operator, or officer of a San Francisco small business. One member of the Commission may be an officer or representative of a neighborhood economic development organization or an expert in small business finance.

Pursuant to Government Code Section 87103, individuals appointed to the Commission under this Section are intended to represent and further the interest of the particular industries, trades, or professions specified herein. Accordingly, it is found that for purposes of persons who hold such office, the specified industries, trades, or professions are tantamount to and constitute the public generally within the meaning of Government Code Section 87103.

(c)   The Mayor and the Board of Supervisors shall select Commission members who reflect the diversity of neighborhood and small business interests in the City.

(Added November 2003)

## SEC. 4.135.  HISTORIC PRESERVATION COMMISSION.

GENERAL. There is hereby created a Historic Preservation Commission, which shall advise the City on historic preservation matters, participate in processes that involve historic or cultural resources, and take such other actions concerning historic preservation as may be prescribed by ordinance. The Historic Preservation Commission shall consist of seven members nominated by the Mayor and subject to approval by a majority of the Board of Supervisors.

The term and tenure of all members sitting on the Landmarks Preservation Advisory Board, created under Article 10 of the Planning Code, as of the effective date of this section shall terminate on December 31, 2008. Of the original appointments to the Historic Preservation Commission, four shall be for a four-year term and three for a two-year term as follows; the odd-numbered seats shall be for four-year terms and the even-numbered seats shall be for two-year terms. After the expiration of the original terms, all appointments shall be for four-year terms, provided however, that a member may holdover until a successor has been nominated by the Mayor and approved by the Board of Supervisors. There shall be no limit on the number of terms a member may serve.

The original nominations shall be made no later than 31 days after the date of the election creating this section. If the Mayor fails to nominate an original appointment within said period, the nomination for the original appointment may be made by the President of the Board of Supervisors, subject to the approval of a majority of the Board of Supervisors.

Within 60 days of the expiration of a term or other vacancy the Mayor shall nominate a qualified person to fill the vacant seat for the term, or the remainder of the term, subject to approval by a majority of the Board of Supervisors who shall hold a public hearing and vote on the nomination within 60 days of the Mayor's transmittal of the nomination to the Clerk of the Board of Supervisors. If the Mayor fails to make such nomination within 60 days, the nomination may be made by the President of the Board of Supervisors, subject to the approval of a majority of the Board of Supervisors. The appointment shall become effective on the date the Board of Supervisors adopts a motion approving the nomination or after 60 days from the date the Mayor transmits the nomination to the Clerk of the Board of Supervisors if the Board of Supervisors fails to act.

Members may be removed by the appointing officer only pursuant to Section 15.105.

QUALIFICATIONS. In addition to the specific requirements set forth below, members of the Historic Preservation Commission shall be persons specially qualified by reason of interest, competence, knowledge, training and experience in the historic, architectural, aesthetic, and cultural traditions of the City, interested in the preservation of its historic structures, sites and areas, and residents of the City. Six of the members of the Historic Preservation Commission shall be specifically qualified in the following fields:

1. Seats 1 and 2: licensed architects meeting the Secretary of the Interior's Professional Qualifications Standards for historic architecture;

2. Seat 3: an architectural historian meeting the Secretary of the Interior's Professional Qualifications Standards for architectural history with specialized training and/or demonstrable experience in North American or Bay Area architectural history;

3. Seat 4: an historian meeting the Secretary of the Interior's Professional Qualifications Standards for history with specialized training and/or demonstrable experience in North American or Bay Area history;

4. Seat 5: an historic preservation professional or professional in a field such as law, land use, community planning or urban design with specialized training and/or demonstrable experience in historic preservation or historic preservation planning.

5. Seat 6 shall be specially qualified in one of the following fields or in one of the fields set forth for Seats 1, 2, or 3;

a. A professional archeologist meeting the Secretary of the Interior's Professional Qualification Standards for Archeology;

Case 3:09-cv-01128-TEH Document 28-1 Filed 07/23/09 Page 38 of 73

b. A real estate professional or contractor who has demonstrated a special interest, competence, experience, and knowledge in historic preservation;

c. A licensed structural engineer with at least four years of experience in seismic and structural engineering principals applied to historic structures; or

d. A person with training and professional experience with materials conservation.

Seat 7 shall be an at large seat subject to the minimum qualifications set forth above.

LANDMARK AND HISTORIC DISTRICT DESIGNATIONS. The Historic Preservation Commission shall have the authority to recommend approval, disapproval, or modification of landmark designations and historic district designations under the Planning Code to the Board of Supervisors. The Historic Preservation Commission shall send recommendations regarding landmarks designations to the Board of Supervisors without referral or recommendation of the Planning Commission. The Historic Preservation Commission shall refer recommendations regarding historic district designations to the Planning Commission, which shall have 45 days to review and comment on the proposed designation, which comments, if any, shall be forwarded to the Board of Supervisors together with the Historic Preservation Commission's recommendation. Decisions of the Historic Preservation Commission to disapprove designation of a landmark or historic district shall be final unless appealed to the Board of Supervisors.

CERTIFICATES OF APPROPRIATENESS. The Historic Preservation Commission shall approve, disapprove, or modify certificates of appropriateness for work to designated landmarks or within historic districts. For minor alterations, the Historic Preservation Commission may delegate this function to staff, whose decision may be appealed to the Historic Preservation Commission.

For projects that require multiple planning approvals, the Historic Preservation Commission must review and act on any Certificate of Appropriateness before any other planning approval action. For projects that (1) require a conditional use permit or permit review under Section 309, et seq., of the Planning Code and (2) do not concern an individually landmarked property, the Planning Commission may modify any decision on a Certificate of Appropriateness by a 2/3 vote, provided that the Planning Commission shall apply all applicable historic resources provisions of the Planning Code.

For projects that are located on vacant lots, the Planning Commission may modify any decision on a Certificate of Appropriateness by a two-thirds vote, provided that the Planning Commission shall apply all applicable historic resources provisions of the Planning Code.

The Historic Preservation Commission or Planning Commission's decision on a Certificate of Appropriateness shall be final unless appealed to the Board of Appeals, which may modify the decision by a 4/5 vote; provided, however, that if the project requires Board of Supervisors approval or is appealed to the Board of Supervisors as a conditional use, the decision shall not be appealable to the Board of Appeals, but rather to the Board of Supervisors, which may modify the decision by a majority vote.

SIGNIFICANT OR CONTRIBUTORY BUILDING AND CONSERVATION DISTRICT DESIGNATIONS IN THE C-3 DISTRICTS. The Historic Preservation Commission shall have the authority to recommend approval, disapproval, or modification of Significant or Contributory building and Conservation District designations under the Planning Code to the Board of Supervisors. The Historic Preservation Commission shall send recommendations regarding Significant or Contributory Buildings to the Board of Supervisors without referral or recommendation of the Planning Commission. The Historic Preservation Commission shall refer recommendations regarding Conservation District designations to the Planning Commission, which shall have 45 days to review and comment on the proposed designation, which comments, if any, shall be forwarded to the Board of Supervisors together with the Historic Preservation Commission's recommendation, Decisions of the Historic Preservation Commission to disapprove designation of a Significant or Contributory building or Conservation District shall be final unless appealed to the Board of Supervisors.

Case 3:09-cv-01128-TEH    Document 28-1    Filed 07/23/09    Page 39 of 73

ALTERATION OF SIGNIFICANT OR CONTRIBUTORY BUILDINGS OR BUILDINGS IN CONSERVATION DISTRICTS IN THE C-3 DISTRICTS. The Historic Preservation Commission shall have the authority to determine if a proposed alteration is a Major Alteration or a Minor Alteration. The Historic Preservation Commission shall have the authority to approve, disapprove, or modify applications for permits to alter or demolish designated Significant or Contributory buildings or buildings within Conservation Districts. For Minor Alterations, the Historic Preservation Commission may delegate this function to staff, whose decision may be appealed to the Historic Preservation Commission.

For projects that require multiple planning approvals, the Historic Preservation Commission must review and act on any permit to alter before any other planning approval action. For projects that (1) require a conditional use permit or permit review under Section 309, et seq., of the Planning Code and (2) do not concern a designated Significant (Categories I and II) or Contributory (Category III only) building, the Planning Commission may modify any decision on a permit to alter by a 2/3 vote, provided that the Planning Commission shall apply all applicable historic resources provisions of the Planning Code.

For projects that are located on vacant lots, the Planning Commission may modify any decision on a permit to alter by a two-thirds vote, provided that the Planning Commission shall apply all applicable historic resources provisions of the Planning Code.

The Historic Preservation Commission's or Planning Commission's decision on a permit to alter shall be final unless appealed to the Board of Appeals, which may modify the decision by a 4/5 vote; provided, however, that if the project requires Board of Supervisors approval or is appealed to the Board of Supervisors as a conditional use, the decision shall not be appealable to the Board of Appeals, but rather to the Board of Supervisors, which may modify the decision by a majority vote.

MILLSACT CONTRACTS. The Historic Preservation Commission shall have the authority to recommend approval, disapproval, or modification of historical property contracts to the Board of Supervisors, without referral or recommendation of the Planning Commission.

PRESERVATION ELEMENT OF THE GENERAL PLAN. The Historic Preservation Commission shall recommend to the Planning Commission a Preservation Element of the General Plan and shall periodically recommend to the Planning Commission proposed amendments to such Preservation Element of the General Plan. Other objectives, policies, and provisions of the General Plan and special area, neighborhood, and other plans designed to carry out the General Plan, and proposed amendments thereto, that are not contained within such Preservation Element but that concern historic preservation shall be referred to the Historic Preservation Commission for its comment and recommendations prior to action by the Planning Commission. When the Planning Commission recommends to the Board of Supervisors for approval or rejection proposed amendments to the General Plan that concern historic preservation, any recommendation or comments of the Historic Preservation Commission on such proposed amendments shall be forwarded to the Board of Supervisors for its information.

REFERRAL OF CERTAIN MATTERS. The following matters shall, prior to passage by the Board of Supervisors, be submitted for written report by the Historic Preservation Commission regarding effects upon historic or cultural resources; ordinances and resolutions concerning historic preservation issues and historic resources; redevelopment project plans; waterfront land use and project plans; and such other matters as may be prescribed by ordinance. If the Planning Commission is required to take action on the matter, the Historic Preservation Commission shall submit any report to the Planning Commission as well as to the Board of Supervisors; otherwise, the Historic Preservation Commission shall submit any report to the Board of Supervisors.

OTHER DUTIES. For proposed projects that may have an impact on historic or cultural resources, the Historic Preservation Commission shall have the authority to review and comment upon environmental documents under the California Environmental Quality Act and the National Environmental Policy Act. The Historic Preservation Commission shall act as the City's local historic preservation review commission for the purposes of the Certified Local Government Program, may

recommend properties for inclusion in the National Register of Historic Places, and may review and comment on federal undertakings where authorized under the National Historic Preservation Act. The Historic Preservation Commission shall review and comment upon any agreements proposed under the National Historic Preservation Act where the City is a signatory prior to any approval action on such agreement. The Historic Preservation Commission shall have the authority to oversee and direct the survey and inventory of historic properties.

Once a quorum of members of the Historic Preservation Commission has been originally appointed and approved, the Historic Preservation Commission shall assume any powers and duties assigned to the Landmarks Preservation Advisory Board until the Municipal Code has been amended to reflect the creation of the Historic Preservation Commission.

BUDGET, FEES, DEPARTMENT HEAD, AND STAFF. The provisions of Charter subsections 4.102(3), 4.102(4), 4.102(5), and 4.102(6) shall not apply to the Historic Preservation Commission. The Historic Preservation Commission may review and make recommendations on the Planning Department budget and on any rates, fees, and similar charges with respect to appropriate items coming within the Historic Preservation Commission's jurisdiction to the department head of the Planning Department or the Planning Commission. The department head of the Planning Department shall assume the powers and duties that would otherwise be executed by an Historic Preservation Commission department head. The Planning Department shall render staff assistance to the Historic Preservation Commission.

(Added by Proposition J, 11/4/2008)

[The next page is 73]

## ARTICLE IV:  EXECUTIVE BRANCH--BOARDS, COMMISSIONS AND DEPARTMENTS

Sec. 4.100.  General.
Sec. 4.101.  Boards and Commissions--Composition.
Sec. 4.101.5.  Hold-Over Service by Board and Commission Members.
Sec. 4.102.  Boards and Commissions--Powers and Duties.
Sec. 4.103.  Boards and Commissions--Annual Report.
Sec. 4.104.  Boards and Commissions--Rules and Regulations.
Sec. 4.105.  Planning Commission.
Sec. 4.106.  Board of Appeals.
Sec. 4.107.  Human Rights Commission.
Sec. 4.108.  Fire Commission.
Sec. 4.109.  Police Commission.
Sec. 4.110.  Health Commission.
Sec. 4.111.  Human Services Commission.
Sec. 4.112.  Public Utilities Commission.
Sec. 4.113.  Recreation and Park Commission.
Sec. 4.114.  Port Commission.
Sec. 4.115.  Airport Commission.
Sec. 4.116.  Parking and Traffic Commission.
Sec. 4.117.  Entertainment Commission.
Sec. 4.118.  Commission on the Environment.
Sec. 4.119.  Commission on the Status of Women.
Sec. 4.120.  Commission on Aging.
Sec. 4.121.  Building Inspection Commission.
Sec. 4.122.  Youth Commission.
Sec. 4.123.  Youth Commission Membership; Appointment; Terms; Meetings; Compensation; Director.
Sec. 4.124.  Youth Commission--Purpose and Duties.
Sec. 4.125.  Jurisdiction.
Sec. 4.126.  Departments--General Provisions.
Sec. 4.127.  Police Department.
Sec. 4.128.  Fire Department.
Sec. 4.129.  Department of Administrative Services.
Sec. 4.130.  Department of Public Works.
Sec. 4.131.  County Clerk.
Sec. 4.132.  Executive Branch Reorganization.
Sec. 4.133.  Taxi Commission.
Sec. 4.134.  Small Business Commission.
Sec. 4.135.  Historic Preservation Commission.

## SEC. 4.100.  GENERAL.

In addition to the office of the Mayor, the executive branch of the City and County shall be composed of departments, appointive boards, commissions and other units of government. To the extent law permits, each appointive board, commission, or other unit of government of the City and County established by State or Federal law shall be subject to the provisions of this Article and this Charter.

## SEC. 4.101.  BOARDS AND COMMISSIONS--COMPOSITION.

(a)  Unless otherwise provided in this Charter, the composition of each appointive board, commission or advisory body of any kind established by this Charter or legislative act of the United States of America, the State of California or the Board of Supervisors shall:

    1.  Be broadly representative of the communities of interest, neighborhoods, and the diversity in ethnicity, race, age, and sexual orientation, and types of disabilities of the City and County and have representation of both sexes; and

    2.  Consist of electors of the City and County at all times during the term of their

respective offices, unless otherwise specifically provided in this Charter; or in the case of boards, commissions or advisory bodies established by legislative act the position is (a) designated by ordinance for a person under legal voting age, or (b) unless specifically exempt from the provisions, or waived by the appointing officer or entity upon a finding that an elector with specific experience, skills or qualifications willing to serve could not be located within the City and County.

It shall he official City policy that the composition of each appointive hoard, commission, or advisory body of any kind established by this Charter or legislative act of the United States of America, the State of California, or the Board of Supervisors shall reflect the interests and contributions of both men and women of all races, ethnicities, sexual orientations, and types of disabilities. The voters therefore urge in the strongest terms all City officers and agencies involved in nominating, appointing or confirming members of those appointive boards, commissions, or advisory bodies to consider and as appropriate support the nomination, appointment or confirmation of female, minority, and disabled candidates to fill seats on those bodies.

The Commission on the Status of Women shall conduct an analysis of appointments to appointive boards, commissions, and advisory bodies in the second and fourth year of each mayoral administration to track the diversity of appointments to such bodies. This analysis, to be based only on voluntary disclosures, shall include gender, ethnicity, sexual orientation, disability status, and any other relevant demographic qualities.

(b)   Vacancies on appointive boards, commissions or other units of government shall be filled for the balance of the unexpired term in the manner prescribed by this Charter or ordinance for initial appointments.

(c)   Terms of office shall continue as they existed on the effective date of this Charter.

(Amended by Proposition D, 6/3/2008)


## SEC. 4.101.5.  HOLD-OVER SERVICE BY BOARD AND COMMISSION MEMBERS.

(a)   Application of this Section. Unless otherwise provided in this Charter or required by law, the requirements of this Section shall apply to the members of each appointive board, commission, or other unit of government of the executive branch of the City and County or otherwise created in the Charter ("Charter Commission"). Citizen advisory committees created in the Charter shall not be considered Charter Commissions for purposes of this Section. The provisions of this Section shall not apply to boards or commissions created in Article V (Executive Branch--Arts and Culture) or Article XII (Employee Retirement and Health Service Systems) of this Charter.

(b)   Limitations on Hold-Over-Service. Except as otherwise provided in this Charter, the tenure of a member of any Charter Commission shall terminate no later than 60 days after the expiration of the member's term, unless the member is re-appointed. A member may not serve as a hold-over member of a Charter Commission for more than 60 days after the expiration of his or her term. The tenure of any person sitting as a hold-over member on the effective date of this amendment shall terminate no later than 60 days after the effective date of this amendment.

(Added by Proposition B, Approved 11/6/2007)


## SEC. 4.102.  BOARDS AND COMMISSIONS--POWERS AND DUTIES.

Unless otherwise provided in this Charter, each appointive board, commission or other unit of government of the executive branch of the City and County shall:

1.   Formulate, evaluate and approve goals, objectives, plans and programs and set

Case 3:09-cv-01128-TEH   Document 28-1   Filed 07/23/09   Page 43 of 73

policies consistent with the overall objectives of the City and County, as established by the Mayor and the Board of Supervisors through the adoption of City legislation;

2. Develop and keep current an Annual Statement of Purpose outlining its areas of jurisdiction, authorities, purpose and goals, subject to review and approval by the Mayor and the Board of Supervisors;

3. After public hearing, approve applicable departmental budgets or any budget modifications or fund transfers requiring the approval of the Board of Supervisors, subject to the Mayor's final authority to initiate, prepare and submit the annual proposed budget on behalf of the executive branch and the Board of Supervisors' authority under Section 9.103;

4. Recommend to the Mayor for submission to the Board of Supervisors rates, fees and similar charges with respect to appropriate items coming within their respective jurisdictions;

5. Unless otherwise specifically provided, submit to the Mayor at least three qualified applicants, and if rejected, to make additional nominations in the same manner, for the position of department head, subject to appointment by the Mayor;

6. Remove a department head; the Mayor may recommend removal of a department head to the commission, and it shall be the commission's duty to act on the Mayor's recommendation by removing or retaining the department head within 30 days; failure to act on the Mayor's recommendation shall constitute official misconduct;

7. Conduct investigations into any aspect of governmental operations within its jurisdiction through the power of inquiry, and make recommendations to the Mayor or the Board of Supervisors;

8. Exercise such other powers and duties as shall be prescribed by the Board of Supervisors; and

9. Appoint an executive secretary to manage the affairs and operations of the board or commission.

In furtherance of the discharge of its responsibilities, an appointive board, commission or other unit of government may:

10. Hold hearings and take testimony; and

11. Retain temporary counsel for specific purposes, subject to the consent of the Mayor and the City Attorney.

Each board or commission, relative to the affairs of its own department, shall deal with administrative matters solely through the department head or his or her designees, and any dictation, suggestion or interference herein prohibited on the part of any member of a board or commission shall constitute official misconduct; provided, however, that nothing herein contained shall restrict the board or commission's powers of hearing and inquiry as provided in this Charter.

## SEC. 4.103. BOARDS AND COMMISSIONS--ANNUAL REPORT.

As of the operative date of this Charter and until this requirement is changed by the Board of Supervisors, each board and commission of the City and County shall be required by ordinance to prepare an annual report describing its activities, and shall file such report with the Mayor and the Clerk of the Board of Supervisors. The Annual Report can be included in the Annual Statement of Purpose as provided for in Section 4.102(2).

## SEC. 4.104. BOARDS AND COMMISSIONS--RULES AND REGULATIONS.

(a)   Unless otherwise provided in this Charter, each appointive board, commission or other unit of government of the executive branch of the City and County shall:

1.   Adopt rules and regulations consistent with this Charter and ordinances of the City and County. No rule or regulation shall be adopted, amended or repealed, without a public hearing. At least ten days' public notice shall be given for such public hearing. All such rules and regulations shall be filed with the Clerk of the Board of Supervisors.

2.   Hold meetings open to the public and encourage the participation of interested persons. Except for the actions taken at closed sessions, any action taken at other than a public meeting shall be void. Closed sessions may be held in accordance with applicable state statutes and ordinances of the Board of Supervisors.

3.   Keep a record of the proceedings of each regular or special meeting. Such record shall indicate how each member voted on each question. These records, except as may be limited by state law or ordinance, shall be available for public inspection.

(b)   The presence of a majority of the members of an appointive board, commission or other unit of government shall constitute a quorum for the transaction of business by such body. The term "presence" shall include participation by teleconferencing or other electronic means as authorized by Government Code Section 54953(b) or any successor legislation after the Board of Supervisors has adopted an ordinance pursuant to subsection (c) allowing such participation when the member is physically unable to attend in person, as certified by a health care provider, due to the member's pregnancy, childbirth, or related condition. The Board of Supervisors may also, as part of a parental leave policy adopted pursuant to subsection (c), authorize a member of a board or commission to participate in meetings by teleconferencing or other electronic means when the member is absent to care for his or her child after birth of the child, or after placement of the child with the member or the member's immediate family for adoption or foster care. Unless otherwise required by this Charter, the affirmative vote of a majority of the members shall be required for the approval of any matter, except that the rules and regulations of the body may provide that, with respect to matters of procedure the body may act by the affirmative vote of a majority of the members present, so long as the members present constitute a quorum. All appointive boards, commissions or other units of government shall act by a majority, two-thirds, three-fourths or other vote of all members. Each member present at a regular or special meeting shall vote "yes" or "no" when a question is put, unless excused from voting by a motion adopted by a majority of the members present.

(c)   Notwithstanding the provisions of Charter Section 10.101, the Board of Supervisors shall provide by ordinance for parental leave policies for members of appointive boards, commissions or other units of government, including, but not limited to, authorization to participate in meetings by teleconferencing or other electronic means pursuant to subsection (b) and subject to the restrictions listed in that subsection.

(Amended by Proposition B, Approved 11/7/2006)

## SEC. 4.105. PLANNING COMMISSION.

GENERAL. The Planning Commission shall consist of seven members nominated and appointed pursuant to this section. Four of the members shall be nominated by the Mayor, and three of the members shall be nominated by the President of the Board of Supervisors. Charter Section 4.101 shall apply to these appointments, with particular emphasis on the geographic diversity of City neighborhoods. Vacancies shall be filled by the appointing officer.

Each nomination of the Mayor and the President of the Board of Supervisors is subject to approval by the Board of Supervisors, and shall be the subject of a public hearing and vote within 60

days. If the Board fails to act on the nomination within 60 days of the date the nomination is transmitted to the Clerk of the Board of Supervisors, the nominee shall be deemed approved. The appointment shall become effective on the date the Board adopts a motion approving the nomination or after 60 days of the date the nomination is transmitted to the Clerk of the Board of Supervisors.

Members may be removed by the appointing officer only pursuant to Section 15.105.

In order to stagger the terms, three members shall initially serve two-year terms, and four members shall initially service four-year terms. The initial two and four-year terms of office shall be instituted as follows:

1. The respective terms of office of members of the Planning Commission who hold office on the first day of July, 2002, shall expire at 12 o'clock noon on that date, and the four members appointed by the Mayor and the three members appointed by the President of the Board of Supervisors shall succeed to said offices at that time.

2. The Clerk of the Board of Supervisors shall determine by lot which two of the four Mayoral appointees shall serve an initial two-year term, and which one of the three appointees of the President of the Board of Supervisors shall serve an initial two-year term. The remaining appointees shall serve four-year terms. All subsequent terms shall be four years.

The Commission shall provide the Mayor with at least three qualified candidates for Director of Planning, selected on the basis of administrative and technical qualifications, with special regard for experience, training and knowledge in the field of City planning.

The Commission may contract with consultants for such services as it may require subject to the fiscal provisions of this Charter.

GENERAL PLAN. The Commission shall periodically recommend to the Board of Supervisors for approval or rejection proposed amendments to the General Plan. If the Board of Supervisors fails to act within 90 days of receipt, the proposed General Plan or amendments shall be deemed approved. The General Plan which will initially consist of the Master Plan in effect immediately prior to the effective date of this Charter shall consist of goals, policies and programs for the future physical development of the City and County that take into consideration social, economic and environmental factors. In developing their recommendations, the Commission shall consult with commissions and elected officials, and shall hold public hearings as part of a comprehensive planning process. The Planning Department, in consultation with other departments and the City Administrator, shall periodically prepare special area, neighborhood and other plans designed to carry out the General Plan, and periodically prepare implementation programs and schedules which link the General Plan to the allocation of local, state and federal resources. The Planning Department may make such other reports and recommendations to the Mayor, Board of Supervisors and other offices and governmental units as it may deem necessary to secure understanding and a systematic effectuation of the General Plan.

In preparing any plans, the Planning Department may include plans for systems and areas within the Bay Region which have a planning relationship with the City and County.

REFERRAL OF CERTAIN MATTERS. The following matters shall, prior to passage by the Board of Supervisors, be submitted for writ ten report by the Planning Department regarding conformity with the General Plan:

1. Proposed ordinances and resolutions concerning the acquisition or vacation of property by, or a change in the use or title of property owned by, the City and County;

2. Subdivisions of land within the City and County;

3. Projects for the construction or improvement of public buildings or structures within the City and County;

4. Project plans for public housing, or publicly assisted private housing in the City and

County;

5.  Redevelopment project plans within the City and County; and

6.  Such other matters as may be prescribed by ordinance.

The Commission shall disapprove any proposed action referred to it upon a finding that such action does not conform to the General Plan. Such a finding may be reversed by a vote of two-thirds of the Board of Supervisors.

All such reports and recommendations shall be issued in a manner and within a time period to be determined by ordinance.

PERMITS AND LICENSES. All permits and licenses dependent on, or affected by, the City Planning Code administered by the Planning Department shall be approved by the Commission prior to issuance. The Commission may delegate this approval function to the Planning Department. Notwithstanding the foregoing, certificates of appropriateness for work to designated landmarks and historic districts and applications for alterations to significant or contributory buildings or properties in designated conservation districts that have been approved, disapproved, or modified by the Historic Preservation Commission shall not require approval by the Commission prior to issuance.

ENFORCEMENT. The Planning Department shall administer and enforce the City Planning Code.

ZONING AMENDMENTS. The Commission may propose for consideration by the Board of Supervisors ordinances regulating or controlling the height, area, bulk, set-back, location, use or related aspects of any building, structure or land. An ordinance proposed by the Board of Supervisors concerning zoning shall be reviewed by the Commission. Applications for the reclassification of property may be made by interested parties and must be reviewed by the Commission. Notwithstanding the foregoing, designation of a landmark, a significant or contributory building, an historic district, or a conservation district shall be reviewed by the Commission only as provided in Section 4.135.

Notwithstanding the Commission's disapproval of a proposal from the Board of Supervisors or the application of interested parties, the Board of Supervisors may adopt the proposed ordinance; however, in the case of any proposal made by the application of interested parties, any such adoption shall be by a vote of not less than two-thirds of the Board of Supervisors.

No application of interested parties proposing the same or substantially the same ordinance as that disapproved by the Commission or by the Board of Supervisors shall be resubmitted to or reconsidered by the Commission within a period of one year from the effective date of final action upon the earlier application.

ZONING ADMINISTRATOR. The Director of Planning shall appoint a Zoning Administrator from a list of qualified applicants provided pursuant to the Civil Service provisions of the Charter. The Zoning Administrator shall be responsible for the determination of all zoning variances. The administrator shall have the power to grant only those variances that are consistent with the general purpose and the intent of the zoning ordinance, and in accordance with the general and specific rules of the zoning ordinance, subject to such conditions and safeguards as the Zoning Administrator may impose. The power to grant variances shall be applied only when the plain and literal interpretation and enforcement of the zoning ordinance would result in practical difficulties, unnecessary hardships or where the results would be inconsistent with the general purpose of the zoning ordinance. Decisions of the Zoning Administrator regarding zoning variances may be appealed to the Board of Appeals.

Before any such variance may be granted, there shall appear, and the Zoning Administrator shall specify in his or her findings, the facts in each case which shall establish:

(a)  That there are exceptional or extraordinary circumstances or conditions applying to the property involved or to the intended use of the property that do not apply generally to the property or class of uses in the same district or zone;

(b)  That owning to such exceptional or extraordinary circumstances the literal

enforcement of the zoning ordinance would result in practical difficulty or unnecessary hardship not created by or attributable to the applicant or the owner of the property;

(c)   That such variance is necessary for the preservation and enjoyment of a substantial property right of the applicant, possessed by other property in the same zone and vicinity;

(d)   That the granting of the variance will not be materially detrimental to the public welfare or injurious to the property or improvements in such zone or district in which the property is located; and

(e)   That the granting of such variance will be in harmony with the general purpose and intent of the zoning ordinance and will not adversely affect the general plan.

The determination of the Zoning Administrator shall be final except that appeals therefrom may be taken, as hereinafter provided, to the Board of Appeals, exclusively and notwithstanding any other provisions of this Charter, by any person aggrieved or by any office, agency, or department of the City and County. An appeal from a determination of the Zoning Administrator shall be filed with the Board of Appeals within ten days from the date of such determination. Upon making a ruling or determination upon any matter under his or her jurisdiction, the Zoning Administrator shall thereupon furnish a copy thereof to the applicant and to the Director of Planning. No variance granted by the Zoning Administrator shall become effective until ten days thereafter. An appeal shall stay all proceedings in furtherance of the action appealed from.

CONDITIONAL USE. The Commission shall have the power to hear and decide conditional use applications. An appeal may be taken to the Board of Supervisors from a decision of the Commission to grant or deny a conditional use application. The Board of Supervisors may disapprove the decision of the Commission by a vote of not less than two-thirds of the members of the Board.

(Amended March 2002; Amended by Proposition J, 11/4/2008)

## SEC. 4.106. BOARD OF APPEALS.

(a)   The Board of Appeals shall consist of five members nominated and appointed pursuant to this section. Three of the members shall be nominated by the Mayor, and two of the members shall be appointed by the President of the Board of Supervisors. Charter Section 4.101 shall apply to these appointments. Vacancies shall be filled by the appointing officer.

Each nomination of the Mayor and the President of the Board of Supervisors is subject to approval by the Board of Supervisors, and shall be the subject of a public hearing and vote within 60 days. If the Board fails to act on the nomination within 60 days of the date the nomination is transmitted to the Clerk of the Board of Supervisors, the nominee shall be deemed approved. The appointment shall become effective on the date the Board adopts a motion approving the nomination or after 60 days of the date the nomination is transmitted to the Clerk of the Board of Supervisors.

Members may be removed by the appointing officer only pursuant to Section 15.105.

In order to stagger the terms, three members shall initially serve two-year terms, and two members shall initially service four-year terms. The initial two and four-year terms of office shall be instituted as follows:

1.   The respective terms of office of members of the Board of Appeals who hold office on the first day of July, 2002, shall expire at 12 o'clock noon on that date, and the three members appointed by the Mayor and the two members appointed by the President of the Board of Supervisors shall succeed to said offices at that time.

2.   The Clerk of the Board of Supervisors shall determine by lot which two of the three Mayoral appointees shall serve an initial two-year term, and which one of the two appointees of the President of the Board of Supervisors shall serve an initial two-year

term. The remaining appointees shall serve four-year terms. All subsequent terms shall be four years.

The Board shall appoint and may remove an executive secretary, who shall serve as department head.

(b)   The Board shall hear and determine appeals with respect to any person who has been denied a permit or license, or whose permit or license has been suspended, revoked or withdrawn, or who believes that his or her interest or the public interest will be adversely affected by the grant, denial, suspension or revocation of a license or permit, except for a permit or license under the jurisdiction of the Recreation and Park Commission or Department, or the Port Commission, or a building or demolition permit for a project that has received a permit or license pursuant to a conditional use authorization.

(c)   The Board of Appeals shall hear and determine appeals:

1.   Where it is alleged there is error or abuse of discretion in any order, requirement, decision or determination made by the Zoning Administrator in the enforcement of the provisions of any ordinance adopted by the Board of Supervisors creating zoning districts or regulating the use of property in the City and County; or

2.   From the rulings, decisions and determinations of the Zoning Administrator granting or denying applications for variances from any rule, regulation, restriction or requirement of the zoning or set-back ordinances, or any section thereof. Upon the hearing of such appeals, the Board may affirm, change, or modify the ruling, decision or determination appealed from, or, in lieu thereof, make such other additional determinations as it shall deem proper in the premises, subject to the same limitations as are placed upon the Zoning Administrator by this Charter or by ordinance.

(d)   After a hearing and any necessary investigation, the Board may concur in the action of the department involved, or by the affirmative vote of four members (or if a vacancy exists, by a vote of three members) overrule the action of the Department.

Where the Board exercises its authority to modify or overrule the action of a department, the Board shall state in summary its reasons in writing.

(Amended March 2002)


## SEC. 4.107.  HUMAN RIGHTS COMMISSION.

The Human Rights Commission shall consist of eleven members appointed by the Mayor, pursuant to Section 3.100, for four-year terms. Members may be removed by the Mayor.

The Commission shall:

1.   Investigate complaints of unlawful discrimination against any person;

2.   Ensure the civil rights of all persons;

3.   Ensure that the affirmative action plans of each department of the City and County are current and are being properly implemented; and report on the implementation of such affirmative action plans to the Mayor and Board of Supervisors;

4.   Promote understanding among the residents of the City and County and work cooperatively with governmental agencies, community group and others to eliminate discrimination and the results of past discrimination by furnishing information, guidance and technical assistance;

5.   Study, investigate, mediate and make recommendations with respect to the solving of community- wide problems resulting in intergroup tensions and discrimination;

6.   Implement the provisions of ordinances prohibiting discrimination in all contracts and subsequent subcontracts, franchises, leases, concessions or other agreements for or on behalf of the City and County; and

7.   Issue such rules and regulations for the conduct of its business, and prepare such ordinances with respect to human rights for consideration by the Board of Supervisors as are necessary to carry out the purposes of this section.

In performing its duties, the Commission may hold hearings, issue subpoenas to require witnesses to appear and require the production of evidence, administer oaths, take testimony and issue appropriate orders and petitions for court orders in such manner as may be prescribed by law.

## SEC. 4.108.  FIRE COMMISSION.

The Fire Commission shall consist of five members appointed by the Mayor, pursuant to Section 3.100, for four-year terms. Members may be removed by the Mayor. In addition to any other powers set forth in this Charter, the Fire Commission is empowered to prescribe and enforce any reasonable rules and regulations that it deems necessary to provide for the efficiency of the Department, provided that the civil service and ethics provisions of this Charter shall control in the event of any conflict with rules adopted under this section.

(Amended November 2003)

## SEC. 4.109.  POLICE COMMISSION.

The Police Commission shall consist of seven members appointed pursuant to this section. The Mayor shall nominate four members to the commission, at least one of whom shall be a retired judge or an attorney with trial experience. The Rules Committee of the Board of Supervisors, or any successor committee thereto, shall nominate three other members to the commission. Each nomination shall be subject to confirmation by the Board of Supervisors, and the Mayor's nominations shall be the subject of a public hearing and vote within 60 days. If the Board of Supervisors rejects the Mayor's nomination to fill the seat designated for a retired judge or attorney with trial experience, the Mayor shall nominate a different person with such qualifications. If the Board of Supervisors fails to act on a mayoral nomination within 60 days of the date the nomination is transmitted to the Clerk of the Board of Supervisors, the nominee shall be deemed confirmed. Appointments to fill a vacancy on the commission shall become operative on the date the Board of Supervisors adopts a motion confirming the nomination, or on the 61st day following the date a mayoral nomination is transmitted to the Clerk of the Board of Supervisors if the Board of Supervisors fails to vote on the nomination prior to such date. Confirmations of nominations to fill a vacancy that will be created upon the expiration of a sitting member's term shall become operative upon the expiration of the sitting member's term, or, if the Board of Supervisors fails to act on a mayoral nomination to fill such anticipated vacancy, on the 61st day following the date the nomination was transmitted to the Clerk of the Board of Supervisors or on the expiration of the sitting member's term, whichever occurs later. The terms and tenures of all members sitting on the commission as of the effective date of the amendments to this section approved at the November 2003 election shall terminate at 12 noon on April 30, 2004. To stagger the terms of the seven members thereafter, of the first four members nominated by the Mayor, two members shall serve terms of two years and two members shall serve terms of four years, and of the three members nominated by the Rules Committee, one member shall serve a term of one year, one member shall serve a term of two years, and one member shall serve a term of three years. The Clerk of the Board of Supervisors shall designate such initial terms by lot. All subsequent appointments to the commission shall be for four-year terms.

The tenure of each member shall terminate upon the expiration of the member's term. The Mayor shall transmit a nomination or renomination to the Clerk of the Board of Supervisors no later than

60 days prior to the expiration of the term of a member nominated by the Mayor. For vacancies occurring for reasons other than the expiration of a member's term, within 60 days following the creation of such vacancy, the Mayor shall nominate a member to fill such vacancy if the vacancy is for a seat filled by nomination of the Mayor.

The District Attorney, Sheriff and Public Defender may recommend persons to the Mayor and Board of Supervisors for nomination or appointment to the Police Commission.

The Mayor, with the consent of the Board of Supervisors, may remove a member the Mayor has nominated. The Board of Supervisors may remove a member the Rules Committee has nominated.

Notwithstanding any other provision of the Charter, the Chief of Police may be removed by the Commission or the Mayor, acting jointly or separately of each other. In addition to any other powers set forth in this Charter, the Police Commission is empowered to prescribe and enforce any reasonable rules and regulations that it deems necessary to provide for the efficiency of the Department, provided that the civil service and ethics provisions of this Charter shall control in the event of any conflict with rules adopted under this section.

(Amended November 2003)


## SEC. 4.110. HEALTH COMMISSION.

The Health Commission shall consist of seven members appointed by the Mayor, pursuant to Section 3.100, for four-year terms. The Commission shall have less than a majority of direct care providers. Members may be removed by the Mayor only pursuant to Section 15.105. The Commission shall control the property under its jurisdiction.

The Commission and the Department shall manage and control the City and County hospitals, emergency medical services, and in general provide for the preservation, promotion and protection of the physical and mental health of the inhabitants of the City and County, except where the Charter grants such authority to another officer or department. The Commission and the Department may also determine the nature and character of public nuisances and provide for their abatement.


## SEC. 4.111. HUMAN SERVICES COMMISSION.

The Human Services Commission shall consist of five members appointed by the Mayor, pursuant to Section 3.100, for four-year terms. Members may be removed by the Mayor only pursuant to Section 15.105.


## SEC. 4.112. PUBLIC UTILITIES COMMISSION.

(a)   The Public Utilities Commission shall consist of five members appointed by the Mayor, subject to confirmation by a majority of the Board of Supervisors. Each of the members shall serve for a term of four years. Members may be removed by the Mayor only pursuant to Section 15.105.

(b)   Seat 1 on the Commission shall be a member with experience in environmental policy and an understanding of environmental justice issues. Seat 2 shall be a member with experience in ratepayer or consumer advocacy. Seat 3 shall be a member with experience in project finance. Seat 4 shall be a member with expertise in water systems, power systems, or public utility management, and Seat 5 shall be an at-large member.

(c)   The respective terms of office of members of the Public Utilities Commission who old office on August 1, 2008 shall expire at noon on that date, and the members appointed pursuant to the amendments to this Section approved at the June 2008 election shall succeed to said office

at that time. In order to provide for staggered terms, the members appointed to Seats 2 and 4 shall serve for an initial term of two years from August 1, 2008. The remaining three members appointed to Seats 1, 3, and 5 shall serve for an initial term of four years from August 1, 2008, and thereafter the terms of all members shall be four years.

(d)   The Commission shall have charge of the construction, management, supervision, maintenance, extension, operation, use and control of all water and energy supplies and utilities of the City as well as the real, personal and financial assets, which are under the Commission's jurisdiction on the operative date of this Charter, or assigned pursuant to Section 4.132.

(Amended by Proposition E, Election 6/3/2008)


## SEC. 4.113.  RECREATION AND PARK COMMISSION.

The Recreation and Park Commission shall consist of seven members appointed by the Mayor, pursuant to Section 3.100, for four-year terms. Members may be removed by the Mayor only pursuant to Section 15.105.

Pursuant to the policies and directives set by the Commission and under the direction and supervision of the General Manager, the Recreation and Park Department shall manage and direct all parks, playgrounds, recreation centers and all other recreation facilities, avenues and grounds under the Commission's control or placed under its jurisdiction thereafter, unless otherwise specifically provided in this Charter.

The Department shall promote and foster a program providing for organized public recreation of the highest standard.

The Department shall issue permits for the use of all property under the Commission's control, pursuant to the policies established by the Commission.

As directed by the Commission, the Department shall administer the Park, Recreation and Open Space Fund pursuant to Section 16.107 of this Charter.

The Department shall have the power to construct new parks, playgrounds, recreation centers, recreation facilities, squares and grounds, and to erect and maintain buildings and structures on parks, playgrounds, square, avenues and grounds, except as follows:

1.   No building or structure, except for nurseries, equipment storage facilities and comfort stations, shall be erected, enlarged or expanded in Golden Gate Park or Union Square Park unless such action has been approved by a vote of two-thirds of the Board of Supervisors;

2.   No park land may be sold or leased for non-recreational purposes, nor shall any structure on park property be built, maintained or used for non-recreational purposes, unless approved by a vote of the electors. However, with permission of the Commission and approval by the Board of Supervisors, subsurface space under any public park, square or playground may be used for the operation of a public automobile parking station under the authority of the Department of Parking and Traffic, provided that the Commission determines that such a use would not be, in any material respect or degree, detrimental to the original purpose for which a park, square or playground was dedicated or in contravention of the conditions of any grant under which a park, square or playground might have been received. The revenues derived from any such use, less the expenses incurred by the Department of Parking and Traffic in operating these facilities, shall be credited to Recreation and Park Department funds.

3.   The Commission shall have the power to lease or rent any stadium or recreation field under its jurisdiction for athletic contests, exhibitions and other special events and may permit the lessee to charge an admission fee.

(Amended March 2000)


## SEC. 4.114. PORT COMMISSION.

The Port Commission shall consist of five members who shall be appointed by the Mayor, subject to confirmation by a majority of the Board of Supervisors. Each of the members shall serve for a term of four years. They shall be subject to recall, suspension and removal in the same manner as an elected official.

The Commission shall have the composition and organization, and the powers, duties and responsibilities with respect to the Port that are set forth in the Burton Act, Statutes of 1968, Chapter 1333, as amended, and in the Agreement Relating to the Transfer of the Port of San Francisco from the State of California to the City and County, executed on the 24th day of January 1969.

The Commission shall be subject to the provisions of Sections 4.101 through 4.103 of this Charter, so far as those powers and duties are not inconsistent with the Burton Act and the Transfer Agreement as they are referred to in the above paragraph.


## SEC. 4.115. AIRPORT COMMISSION.

The Airport Commission shall consist of five members appointed by the Mayor, pursuant to Section 3.100, for four-year terms. Members may be removed by the Mayor only pursuant to Section 15.105.

The Commission shall provide the Mayor with at least three qualified candidates for Director of Airports, related on the basis of executive, administrative and technical qualifications.

The Commission shall have charge of the construction, management, supervision, maintenance, extension, operation, use and control of all property, as well as the real, personal and financial assets which are under the Commission's jurisdiction.

Subject to the approval, amendment or rejection of the Board of Supervisors of each issue, the Commission shall have exclusive authority to plan and issue revenue bonds for airport-related purposes.


## SEC. 4.116. PARKING AND TRAFFIC COMMISSION.

The Parking and Traffic Commission shall consist of five members appointed by the Mayor, pursuant to Section 3.100, for four-year terms. Members may be removed by the Mayor.

If not in conflict with state law, members of the Commission, or its successor, shall serve ex officio as members of the Parking Authority. Any person may serve concurrently as a member of the Parking Authority and the Parking and Traffic Commission. The Commission shall control all property under its jurisdiction.

**Editor's note:** Proposition E, adopted November 2, 1999, enacted Charter Sec. 8A.112, and repealed this Charter Section 4.116, to become effective July 1, 2002.


## SEC. 4.117. ENTERTAINMENT COMMISSION.

The San Francisco Entertainment Commission shall consist of seven members nominated and appointed pursuant to this section. The Mayor shall nominate four members to the commission, and the Board of Supervisors shall appoint, by motion, three other members to the commission. Each

nomination of the Mayor shall be subject to approval by the Board of Supervisors, and shall be the subject of a public hearing and vote within 60 days. If the Board of Supervises fails to act on a mayoral nomination within 60 days of the date the nomination is transmitted to the Clerk of the Board of Supervisors, the nominee shall be deemed approved. Appointments to the commission shall become effective on the date the Board of Supervisors adopts a motion approving the nomination or on the 61st day following the date the mayoral nomination was transmitted to the Clerk of the Board of Supervisors if the Board of Supervisors fails to act upon the nomination prior to such date.

Of the four members nominated by the Mayor, the Mayor shall nominate one member to represent the interests of City neighborhood associations or groups, one member to represent the interests of entertainment associations or groups, one member to represent the interests of the urban planning community, and one member to represent the interests of the law enforcement community. Of the three members of the commission appointed by the Board of Supervisors, one member shall represent the interests of City neighborhood associations or groups, one member shall represent the interests of entertainment associations or groups, and one member shall represent the interests of the public health community.

To stagger the terms of the members, the initial appointments to the commission shall be as follows: the Mayor shall nominate two members to serve terms of four years, one member to serve a term of three years, and one member to serve a term of two years. Of the three remaining members of the commission, the Board of Supervisors shall appoint one member to serve a term of four years, one member to serve a term of three years, and one member to serve a term of two years. Except for appointments to fill a vacancy, all subsequent appointments shall be for a term of four years.

Members of the commission nominated by the Mayor may be suspended by the Mayor and removed by the Board of Supervisors only as set forth in Section 15.105. Members of the commission appointed directly by the Board of Supervisors may be suspended by a motion of the Board of Supervisors approved by six votes and may be removed by the Board of Supervisors only as set forth in Section 15.105.

(Added November 2002)


## SEC. 4.118. COMMISSION ON THE ENVIRONMENT.

The Commission on the Environment shall consist of seven members appointed by the Mayor, pursuant to Section 3.100, for four-year terms. Members may be removed by the Mayor.

The Department of the Environment shall regularly produce an assessment of San Francisco's environmental condition. It shall also produce and regularly update plans for the long-term environmental sustainability of San Francisco.

Pursuant to the policies and directives set by the Commission, and under the supervision and direction of the department head, the Department shall manage the environmental programs, duties and functions assigned to it pursuant to Section 4.132 or by ordinance.

The Commission shall have the authority to review and make recommendations on any policy proposed for adoption by any City agency regarding conformity with the long-term plans for environmental sustainability, except for those regarding building and land use.

The Commission may investigate and make recommendations to all City agencies related to operations and functions, such as:

1. Solid waste management;

2. Recycling;

3. Energy conservation;

4. Natural resource conservation;

Case 3:09-cv-01128-TEH   Document 28-1   Filed 07/23/09   Page 54 of 73

5. Environmental inspections;

6. Toxics;

7. Urban forestry and natural resources;

8. Habitat restoration; and

9. Hazardous materials.

The Commission shall conduct public education and outreach to the community on environmental issues, including, but not limited to each of the categories listed above.

## SEC. 4.119. COMMISSION ON THE STATUS OF WOMEN.

The Commission on the Status of Women shall consist of seven members. Commission members shall be appointed by the Mayor, pursuant to Section 3.100, for four-year terms. Members may be removed by the Mayor only pursuant to Section 15.105. The Commission shall develop and recommend policies and practices for the City and County to reduce the particular impacts on women and girls of problems such as domestic violence, sexual harassment, employment and health care inequity, and homelessness, as well as advocate on behalf of women and girls in such areas. The Commission may be assigned additional duties and functions by ordinance or pursuant to Section 4.132.

## SEC. 4.120. COMMISSION ON AGING.

The Commission on the Aging shall consist of seven members appointed by the Mayor, pursuant to Section 3.100, for four-year terms. Members may be removed by the Mayor. The duties and functions of the Commission shall be assigned pursuant to Section 4.132.

## SEC. 4.121. BUILDING INSPECTION COMMISSION.

The Building Inspection Commission shall consist of seven members. Four members shall be appointed by the Mayor for a term of two years. Three members shall be appointed by the President of the Board of Supervisors for a term of two years. Members may be removed by the appointing officer only pursuant to Section 15.105. Vacancies occurring in the offices of appointive members, either during or at the expiration of a term, shall be filled by the appointing officer.

The four Mayoral appointments shall consist of a structural engineer, a licensed architect, a residential builder, and a representative of a community-based non-profit housing development corporation. The three Supervisorial appointments shall consist of a residential tenant, a residential landlord, and a member of the general public.

Notwithstanding any other provision of the Charter, the Commission shall have the power to appoint and remove a department head.

## SEC. 4.122. YOUTH COMMISSION.

There is hereby established a commission to be known as the Youth Commission (hereinafter called "Commission") to advise the Board of Supervisors and Mayor on issues relating to children and youth. The Commission shall operate under the jurisdiction of the Board of Supervisors.

Case 3:09-cv-01138-TEH Document 28-1 Filed 07/23/09 Page 55 of 73

## SEC. 4.123. YOUTH COMMISSION MEMBERSHIP; APPOINTMENT; TERMS; MEETINGS; COMPENSATION; DIRECTOR.

(a) Commission Membership. The Commission shall consist of seventeen (17) voting members, each of whom shall be between the ages of 12 and 23 years at the time of appointment. Each member of the Board of Supervisors and the Mayor shall appoint one member to the Commission. The Mayor shall also appoint five (5) members from underrepresented communities to ensure that the Commission represents the diversity of the City. All appointments shall be completed by the sixtieth day after the effective date of this charter amendment and by that date of each year thereafter. Commission members shall serve at the pleasure of their appointing authorities.

The Commission shall consist of individuals who have an understanding of the needs of young people in San Francisco, or experience with children and youth programs or youth organizations, or involvement with school or community activities. The members shall represent the diversity of ethnicity, race, gender and sexual orientation of the people of the City and County, and shall be residents of the City and County.

(b) Term of Office. Members shall serve a term of one year. The first one year term for all members shall begin upon the date the Clerk of the Board of Supervisors certifies that all members of the Commission have been appointed following the adoption of this charter amendment. Future terms of office shall begin on that date of each successive year. Members shall conduct the first meeting of the Commission within thirty days of the appointment of all members.

In the event a vacancy occurs during the term of office of any voting member, a successor shall be appointed to complete the unexpired term of the office vacated in a manner similar to that which the member was initially appointed.

(c) Removal of Members. Any member whom the Commission certifies to have missed three regularly scheduled meetings of the Commission in any six month period without prior authorization of the Commission shall be deemed to have resigned from the Commission effective on the date of the written certification from the Commission.

(d) Compensation. Members of the Commission shall not be compensated, nor shall they be reimbursed for expenses.

(e) Meetings. The Commission shall meet at least once a month.

(f) Minutes of Meetings. The Commission shall prepare and maintain permanent minutes of the actions taken during its meetings, and shall file copies with the Clerk of the Board of Supervisors.

(g) Bylaws. To aid in the orderly conduct of business, the Commission shall have the authority to create, amend, and repeal its own code of bylaws.

## SEC. 4.124. YOUTH COMMISSION--PURPOSE AND DUTIES.

The purpose of the Commission is to collect all information relevant to advising the Board of Supervisors and Mayor on the effects of legislative policies, needs, assessments, priorities, programs, and budgets concerning the children and youth of San Francisco. Before the Board of Supervisors takes final action on any matter that primarily affects children and youth of the City and County, the Clerk of the Board of Supervisors shall refer the matter to the Commission for comment and recommendation. The Commission shall provide any response it deems appropriate within 12 days of the date the Board of Supervisors referred the matter to the Commission. After the 12 day period has

elapsed, the Board of Supervisors may act on the matter whether or not the Board has received a response. This referral requirement shall not apply to any matter where immediate action by the Board of Supervisors is necessary to protect the public interest. The Commission shall have the following duties and functions:

(a) Identify the concerns and needs of the children and youth of San Francisco; examine existing social, economic, educational, and recreational programs for children and youth; develop and propose plans that support or improve such programs; and make recommendations thereon to the Mayor and Board of Supervisors.

(b) Identify the unmet needs of San Francisco's children and youth through personal contact with these young people, school officials, church leaders, and others; and hold public forums in which both youth and adults are encouraged to participate.

(c) Elicit the interest, support, and mutual cooperation of private groups (such as fraternal orders, service clubs, associations, churches, businesses, and youth organizations) and City-wide neighborhood planning collaborative efforts for children, youth and families that initiate and sponsor recommendations that address the social, economic, educational, and recreational needs of children and youth in San Francisco. Advise the Board of Supervisors and Mayor about how such recommendations could be coordinated in the community to eliminate duplication in cost and effort.

(d) Advise about available sources of governmental and private funding for youth programs.

(e) Submit recommendations to the Mayor and Board of Supervisors about juvenile crime prevention, job opportunities for youth, recreational activities for teenagers, opportunities for effective participation by youth in the governmental process, and changes in City and County regulations that are necessary to improve the social, economic, educational, and recreational advantages of children and youth.

(f) Respond to requests for comment and recommendation on matters referred to the Commission by officers, departments, agencies, boards, commissions and advisory committees of the City and County.

(g) Report to the Board of Supervisors the activities, goals, and accomplishments of the Commission by July 1 of each calendar year, effective July 1, 1997.

## SEC. 4.125. JURISDICTION.

The Commission shall be under the jurisdiction of the Board of Supervisors; the Commission shall have only those powers created by Sections 4.122 through 4.125 or by ordinance of the Board of Supervisors.

## SEC. 4.126. DEPARTMENTS--GENERAL PROVISIONS.

Except as otherwise provided by this Charter, the responsibilities of each department within the executive branch shall be prescribed by ordinance.

The administration and management of each department within the executive branch shall be the responsibility of the department head. Such officials may:

1. Appoint qualified individuals to fill all positions within their departments which are exempt from the Civil Service provisions of this Charter;

2. Adopt rules and regulations governing matters within the jurisdiction of their respective departments, subject, if applicable, to Section 4.102; and

3. With the approval of the City Administrator, reorganize their respective departments.

No person serving on a board or commission created by state law to discharge a state function specifically within the City and County may be employed as a paid staff member to a board or commission created by this Charter.

## SEC. 4.127. POLICE DEPARTMENT.

The Police Department shall preserve the public peace, prevent and detect crime, and protect the rights of persons and property by enforcing the laws of the United States, the State of California and the City and County.

The Chief of Police may appoint and remove at pleasure special police officers.

The Chief of Police shall have all powers which are now or that may be conferred upon a sheriff by state law with respect to the suppression of any riot, public tumult, disturbance of the public peace or organized resistance against the laws or public authority.

DISTRICT POLICE STATIONS. The Police Department shall maintain and operate district police stations. The Police Commission, subject to the approval by the Board of Supervisors, may establish additional district stations, abandon or relocate any district station, or consolidate any two or more district stations.

OFFICE OF CITIZEN COMPLAINTS. The Mayor shall appoint a nominee of the Police Commission as the director of the Office of Citizen Complaints, subject to confirmation by the Board of Supervisors. The director shall serve at the pleasure of the Police Commission. If the Board fails to act on the appointment within 30 days, the appointment shall be deemed approved. In the event the office is vacant, until the mayor makes an appointment and that appointment is confirmed by the Board, the Police Commission shall appoint an interim director who shall serve at the pleasure of the Police Commission. The appointment shall be exempt from the civil service requirements of this Charter. The director shall never have been a uniformed member or employee of the department. The director of the Office of Citizen Complaints shall be the appointing officer under the civil service provisions of this Charter for the appointment, removal or discipline of employees of the Office of Citizen Complaints.

The Police Commission shall have the power and duty to organize, reorganize and manage the Office of Citizen Complaints. Subject to the civil service provisions of this Charter, the Office of Citizen Complaints shall include investigators and hearing officers. As of July 1, 1996, the staff of the Office of Citizen Complaints shall consist of no fewer than one line investigator for every 150 sworn members. Whenever the ratio of investigators to police officers specified by this section is not met for more than 30 consecutive days, the director shall have the power to hire, and the City Controller must pay, temporary investigators to meet such staffing requirements. No full-time or part-time employee of the Office of Citizen Complaints shall have previously served as a uniformed member of the department. Subject to rule of the Police Commission, the director of the Office of Citizen Complaints may appoint part-time hearing officers who shall be exempt from the civil service requirements of this Charter. Compensation of the hearing officers shall be at rates recommended by the Commission and established by the Board of Supervisors or by contract approved by the Board of Supervisors.

Complaints of police misconduct or allegations that a member of the Police Department has not properly performed a duty shall be promptly, fairly and impartially investigated by staff of the Office of Citizen Complaints. The Office of Citizen Complaints shall investigate all complaints of police misconduct, or that a member of the Police Department has not properly performed a duty, except those complaints which on their face clearly indicate that the acts complained of were proper and those complaints lodged by other members of the Police Department. The Office of Citizen Complaints shall use its best efforts to conclude investigations of such complaints and, if sustained, transmit the sustained complaint to the Police Department within nine (9) months of receipt thereof by the Office of Citizen Complaints. If the Office of Citizen Complaints is unable to conclude its investigation within such nine-month period, the director of the Office of Citizen Complaints, within such nine-month period, shall

Case 3:09-cv-01128-TEH   Document 28-1   Filed 07/23/09   Page 58 of 73

inform the Chief of Police of the reasons therefor and transmit information and evidence from the investigation as shall facilitate the Chief's timely consideration of the matter. The Office of Citizen Complaints shall recommend disciplinary action to the Chief of Police on those complaints that are sustained. The director of the Office of Citizen Complaints, after meeting and conferring with the Chief of Police or his or her designee, may verify and file charges with the Police Commission against members of the Police Department arising out of sustained complaints; provided, that the director may not verify and file such charges for a period of 60 days following the transmittal of the sustained complaint to the Police Department unless the director issues a written determination that the limitations period within which the member or members may be disciplined under Government Code Section 3304, as amended from time to time or any successor provisions thereto, may expire within such 60-day period and either (i) the Chief of Police fails or refuses to file charges with the Police Commission arising out of the sustained complaint, (ii) the Chief of Police or his or her designee fails or refuses to meet and confer with the director on the matter, or (iii) other exigent circumstances necessitate that the director verify and file charges to preserve the ability of the Police Commission to impose punishment pursuant to Section A8.343. The director of the Office of Citizen Complaints shall schedule hearings before hearing officers when such is requested by the complainant or a member of the department and, in accordance with rules of the Commission, such a hearing will facilitate the fact-finding process. The Board of Supervisors may provide by ordinance that the Office of Citizen Complaints shall in the same manner investigate and make recommendations to the Chief of Police regarding complaints of misconduct by patrol special police officers and their uniformed employees.

Nothing herein shall prohibit the Chief of Police or a commanding officer from investigating the conduct of a member of the department under his or her command, or taking disciplinary or corrective action, otherwise permitted by this Charter, when such is warranted; and nothing herein shall limit or otherwise restrict the disciplinary powers vested in the Chief of Police and the Police Commission by other provisions of this Charter.

The Office of Citizen Complaints shall prepare in accordance with rules of the Commission monthly summaries of the complaints received and shall prepare recommendations quarterly concerning policies or practices of the department which could be changed or amended to avoid unnecessary tension with the public or a definable segment of the public while insuring effective police services. The Office of Citizen Complaints shall prepare a report for the President of the Board of Supervisors each quarter. This report shall include, but not be limited to, the number and type of complaints filed, the outcome of the complaints, and a review of the disciplinary action taken. The President of the Board of Supervisors shall refer this report to the appropriate committee of the Board of Supervisors charged with public safety responsibilities. Said committee may issue recommendations as needed.

In carrying out its objectives the Office of Citizen Complaints shall receive prompt and full cooperation and assistance from all departments, officers and employees of the City and County which shall promptly produce all records requested by the Office of Citizen Complaints except for records the disclosure of which to the Office of Citizen Complaints is prohibited by law. The director may also request and the Chief of Police shall require the testimony or attendance of any member of the Police Department to carry out the responsibilities of the Office of Citizen Complaints.

BUDGET. Monetary awards and settlements disbursed by the City and County as a result of police action or inaction shall be taken exclusively from a specific appropriation listed as a separate line item in the Police Department budget for that purpose.

POLICE STAFFING. The police force of the City and County shall at all times consist of not fewer than 1,971 full duty sworn officers. The staffing level of the Police Department shall be maintained with a minimum of 1,971 full duty sworn officers thereafter. That figure may be adjusted pursuant to Section 16.123.

All officers and employees of the City and County are directed to take all acts necessary to implement the provisions of this section. The Board of Supervisors is empowered to adopt ordinances necessary to effectuate the purpose of this section including but not limited to ordinances regulating the scheduling of police training cases.

Case 3:09-cv-01138-TEH Document 28-1 Filed 07/23/09 Page 59 of 73

Further, the Commission shall initiate an annual review to civilianize as many positions as possible to maximize police presence in the communities and submit that report to the Board of Supervisors annually for review and approval.

The number of full duty sworn officers in the Police Department dedicated to neighborhood policing and patrol for fiscal year 1993-1994 shall not be reduced in future years, and all new full duty sworn officers authorized for the Police Department shall also be dedicated to neighborhood community policing, patrol and investigations.

PATROL SPECIAL POLICE OFFICERS. The Commission may appoint patrol special police officers and for cause may suspend or dismiss patrol special police officers after a hearing on charges duly filed with the Commission and after a fair and impartial trial. Patrol special police officers shall be regulated by the Police Commission, which may establish requirements for and procedures to govern the position, including the power of the Chief of Police to suspend a patrol special police officer pending a hearing on charges. Each patrol special police officer shall be at the time of appointment not less than 21 years of age and must possess such physical qualifications as may be required by the Commission.

Patrol special police officers may be designated by the Commission as the owners of a certain beat or territory which may be established or rescinded by the Commission. Patrol special police officers designated as the owners of a certain beat or territory or the legal heirs or representatives of the owners may dispose of their interest in the beat or territory to a person of good moral character, approved by the Police Commission and eligible for appointment as a patrol special police officer.

Commission designation of beats or territories shall not affect the ability of private security companies to provide on-site security services on the inside or at the entrance of any property located in the City and County.

(Amended November 2003; March 2004)

## SEC. 4.128. FIRE DEPARTMENT.

The Fire Department shall perform duties and enforce all applicable laws pertaining to the protection from, and the prevention, suppression, control and investigation of fires.

The Fire Chief shall cause the Fire Department to inspect all occupied or vacated structures to determine compliance with applicable laws relative to fire prevention, protection and control and also the protection of persons and property from fire.

The Fire Chief may during a conflagration cause to be removed any structure for the purpose of checking the progress of the conflagration.

## SEC. 4.129. DEPARTMENT OF ADMINISTRATIVE SERVICES.

The director of the Department of Administrative Services shall purchase all supplies, equipment and contractual services required by the several departments and offices of the City and County, except as otherwise provided in the Administrative Code. Except in cases of emergency, the director shall not enter into any contract or issue any purchase order unless the Controller shall certify thereon that sufficient unencumbered balances are available in the proper fund to meet the payments under such purchase order or contract as these become due. The director shall have charge of the central warehouses, central storerooms, central garage and shop.

The director shall by rules and regulations approved by the Controller, designate and authorize appropriate personnel within the Department of Administrative Services to exercise the director's signature powers for purchase orders and contract.

The director shall have authority to exchange used materials, supplies and equipment to the

advantage of the City and County, advertise for bids, and to sell and otherwise dispose of personal property belonging to the City and County. The director shall have authority to require the transfer of surplus property in any department to stores or to other departments.

The director shall manage all public buildings, facilities and real estate of the City and County, unless otherwise provided for in this Charter.

Additional duties and functions of the Department of Administrative Services shall be assigned the City Administrator, by ordinance or pursuant to Section 4.132.

## SEC. 4.130. DEPARTMENT OF PUBLIC WORKS.

The duties and functions of the Department of Public Works shall be assigned by the City Administrator, by ordinance or pursuant to Section 4.132.

## SEC. 4.131. COUNTY CLERK.

The County Clerk shall perform all duties of the County Clerk-Recorder until such office is merged into the Office of the Assessor-Recorder pursuant to Section 6.101.

## SEC. 4.132. EXECUTIVE BRANCH REORGANIZATION.

The Mayor, by issuing a notice to the Board of Supervisors, may reorganize duties and functions between departments and other units of government within the executive branch. Such reorganization shall become effective 30 days after its issuance unless disapproved by the Board of Supervisors during that time.

A proposed reorganization shall provide for the transfer of:

> 1. Civil service employees who are engaged in the performance of a function or duty transferred to another office, agency or department; such transfer shall not adversely affect status, position, compensation or pension or retirement rights and privileges;

> 2. Any unexpended balances of appropriations and other funds available for use in connection with any office, agency, department or function affected by the reorganization; any unexpended balance so transferred shall be used only for the purpose for which the appropriation was originally made, except as this Charter otherwise permits.

## SEC. 4.133. TAXI COMMISSION.

(a) The Taxi Commission shall consist of seven members, appointed by the Mayor. The appointments shall include a member from the senior or disabled communities, a driver who does not hold a taxicab medallion, a manager in a taxicab company (either a medallion holder or a company representative), a member from the hospitality industry, a member from the labor community, a member from the neighborhoods, and a member of the general public not affiliated with any of the other enumerated categories.

Pursuant to Government Code Section 87103, individuals appointed to the Commission under this Section are intended to represent and further the interest of the particular industries, trades, or professions specified herein. Accordingly, it is found that for purposes of persons who hold such office, the specified industries, trades, or professions are tantamount to and constitute the public generally within the meaning of Government Code Section 87103.

Case 3:09-cv-01128-TEH   Document 28-1   Filed 07/23/09   Page 61 of 73

The commissioners appointed to take office upon the effective date of this Charter section shall by lot classify their terms so that the terms of three of the commissioners shall expire at noon on the first anniversary of such date, and the terms of the remaining four commissioners shall expire at noon on the second anniversary of the effective date. On the expiration of these and successive terms of office, the appointments shall be made for two-year terms.

Members may be removed by the Mayor only pursuant to Section 15.105. Vacancies occurring in the offices of members, either during or at the expiration of a term, shall be filled by the Mayor.

(b)   Effective March 1, 1999, the Commission shall succeed to all powers and responsibilities relating to taxicabs and other motor vehicles for hire, other than criminal enforcement, now vested in the Police Commission, the Police Department or the Chief of Police. The Taxi Commission may be assigned additional duties and functions by ordinance or pursuant to Section 4.132.

(c)   All costs associated with the operations of the Taxi Commission, and such officers and employees as are necessary for the Commission to operate and administer the department and are authorized pursuant to the budgetary and fiscal provisions of the Charter, shall be recovered from permit, license and other fees charged to permit-holders, applicants, and other persons by the Commission. The Board of Supervisors shall set fees sufficient to offset the costs of the Commission's operations and any such officers and employees. Notwithstanding the above, the Board of Supervisors may continue to offer reduced fees to operators who participate in the City's Paratransit Program, and offset the reduction in revenues with a contribution from the General Fund.

(Added November 1998)

## SEC. 4.134.  SMALL BUSINESS COMMISSION.

(a)   There shall be a Small Business Commission to oversee the San Francisco Office of Small Business. The Commission shall consist of seven members, who shall serve at the pleasure of the appointing authority. The Mayor shall appoint four members of the Commission; the Board of Supervisors shall appoint the remaining three members. The Mayor shall designate two of his or her initial appointments to serve for two-year terms; the Board of Supervisors shall designate one of its initial appointments to serve a two-year term. Thereafter, all commissioners shall serve for four-year terms.

(b)   At least five of the individuals appointed to the Commission shall be owners, operators, or officers of San Francisco small businesses. One of the individuals appointed to the Commission may be either a current or former owner, operator, or officer of a San Francisco small business. One member of the Commission may be an officer or representative of a neighborhood economic development organization or an expert in small business finance.

Pursuant to Government Code Section 87103, individuals appointed to the Commission under this Section are intended to represent and further the interest of the particular industries, trades, or professions specified herein. Accordingly, it is found that for purposes of persons who hold such office, the specified industries, trades, or professions are tantamount to and constitute the public generally within the meaning of Government Code Section 87103.

(c)   The Mayor and the Board of Supervisors shall select Commission members who reflect the diversity of neighborhood and small business interests in the City.

(Added November 2003)

## SEC. 4.135.  HISTORIC PRESERVATION COMMISSION.

GENERAL. There is hereby created a Historic Preservation Commission, which shall advise the City on historic preservation matters, participate in processes that involve historic or cultural resources, and take such other actions concerning historic preservation as may be prescribed by ordinance. The Historic Preservation Commission shall consist of seven members nominated by the Mayor and subject to approval by a majority of the Board of Supervisors.

The term and tenure of all members sitting on the Landmarks Preservation Advisory Board, created under Article 10 of the Planning Code, as of the effective date of this section shall terminate on December 31, 2008. Of the original appointments to the Historic Preservation Commission, four shall be for a four-year term and three for a two-year term as follows; the odd-numbered seats shall be for four-year terms and the even-numbered seats shall be for two-year terms. After the expiration of the original terms, all appointments shall be for four-year terms, provided however, that a member may holdover until a successor has been nominated by the Mayor and approved by the Board of Supervisors. There shall be no limit on the number of terms a member may serve.

The original nominations shall be made no later than 31 days after the date of the election creating this section. If the Mayor fails to nominate an original appointment within said period, the nomination for the original appointment may be made by the President of the Board of Supervisors, subject to the approval of a majority of the Board of Supervisors.

Within 60 days of the expiration of a term or other vacancy the Mayor shall nominate a qualified person to fill the vacant seat for the term, or the remainder of the term, subject to approval by a majority of the Board of Supervisors who shall hold a public hearing and vote on the nomination within 60 days of the Mayor's transmittal of the nomination to the Clerk of the Board of Supervisors. If the Mayor fails to make such nomination within 60 days, the nomination may be made by the President of the Board of Supervisors, subject to the approval of a majority of the Board of Supervisors. The appointment shall become effective on the date the Board of Supervisors adopts a motion approving the nomination or after 60 days from the date the Mayor transmits the nomination to the Clerk of the Board of Supervisors if the Board of Supervisors fails to act.

Members may be removed by the appointing officer only pursuant to Section 15.105.

QUALIFICATIONS. In addition to the specific requirements set forth below, members of the Historic Preservation Commission shall be persons specially qualified by reason of interest, competence, knowledge, training and experience in the historic, architectural, aesthetic, and cultural traditions of the City, interested in the preservation of its historic structures, sites and areas, and residents of the City. Six of the members of the Historic Preservation Commission shall be specifically qualified in the following fields:

1. Seats 1 and 2: licensed architects meeting the Secretary of the Interior's Professional Qualifications Standards for historic architecture;

2. Seat 3: an architectural historian meeting the Secretary of the Interior's Professional Qualifications Standards for architectural history with specialized training and/or demonstrable experience in North American or Bay Area architectural history;

3. Seat 4: an historian meeting the Secretary of the Interior's Professional Qualifications Standards for history with specialized training and/or demonstrable experience in North American or Bay Area history;

4. Seat 5: an historic preservation professional or professional in a field such as law, land use, community planning or urban design with specialized training and/or demonstrable experience in historic preservation or historic preservation planning.

5. Seat 6 shall be specially qualified in one of the following fields or in one of the fields set forth for Seats 1, 2, or 3;

a. A professional archeologist meeting the Secretary of the Interior's Professional Qualification Standards for Archeology;

b.  A real estate professional or contractor who has demonstrated a special interest, competence, experience, and knowledge in historic preservation;

c.  A licensed structural engineer with at least four years of experience in seismic and structural engineering principals applied to historic structures; or

d.  A person with training and professional experience with materials conservation.

Seat 7 shall be an at large seat subject to the minimum qualifications set forth above.

LANDMARK AND HISTORIC DISTRICT DESIGNATIONS. The Historic Preservation Commission shall have the authority to recommend approval, disapproval, or modification of landmark designations and historic district designations under the Planning Code to the Board of Supervisors. The Historic Preservation Commission shall send recommendations regarding landmarks designations to the Board of Supervisors without referral or recommendation of the Planning Commission. The Historic Preservation Commission shall refer recommendations regarding historic district designations to the Planning Commission, which shall have 45 days to review and comment on the proposed designation, which comments, if any, shall be forwarded to the Board of Supervisors together with the Historic Preservation Commission's recommendation. Decisions of the Historic Preservation Commission to disapprove designation of a landmark or historic district shall be final unless appealed to the Board of Supervisors.

CERTIFICATES OF APPROPRIATENESS. The Historic Preservation Commission shall approve, disapprove, or modify certificates of appropriateness for work to designated landmarks or within historic districts. For minor alterations, the Historic Preservation Commission may delegate this function to staff, whose decision may be appealed to the Historic Preservation Commission.

For projects that require multiple planning approvals, the Historic Preservation Commission must review and act on any Certificate of Appropriateness before any other planning approval action. For projects that (1) require a conditional use permit or permit review under Section 309, et seq., of the Planning Code and (2) do not concern an individually landmarked property, the Planning Commission may modify any decision on a Certificate of Appropriateness by a  2/3 vote, provided that the Planning Commission shall apply all applicable historic resources provisions of the Planning Code.

For projects that are located on vacant lots, the Planning Commission may modify any decision on a Certificate of Appropriateness by a two-thirds vote, provided that the Planning Commission shall apply all applicable historic resources provisions of the Planning Code.

The Historic Preservation Commission or Planning Commission's decision on a Certificate of Appropriateness shall be final unless appealed to the Board of Appeals, which may modify the decision by a  4/5 vote; provided, however, that if the project requires Board of Supervisors approval or is appealed to the Board of Supervisors as a conditional use, the decision shall not be appealable to the Board of Appeals, but rather to the Board of Supervisors, which may modify the decision by a majority vote.

SIGNIFICANT OR CONTRIBUTORY BUILDING AND CONSERVATION DISTRICT DESIGNATIONS IN THE C-3 DISTRICTS. The Historic Preservation Commission shall have the authority to recommend approval, disapproval, or modification of Significant or Contributory building and Conservation District designations under the Planning Code to the Board of Supervisors. The Historic Preservation Commission shall send recommendations regarding Significant or Contributory Buildings to the Board of Supervisors without referral or recommendation of the Planning Commission. The Historic Preservation Commission shall refer recommendations regarding Conservation District designations to the Planning Commission, which shall have 45 days to review and comment on the proposed designation, which comments, if any, shall be forwarded to the Board of Supervisors together with the Historic Preservation Commission's recommendation, Decisions of the Historic Preservation Commission to disapprove designation of a Significant or Contributory building or Conservation District shall be final unless appealed to the Board of Supervisors.

ALTERATION OF SIGNIFICANT OR CONTRIBUTORY BUILDINGS OR BUILDINGS IN CONSERVATION DISTRICTS IN THE C-3 DISTRICTS. The Historic Preservation Commission shall have the authority to determine if a proposed alteration is a Major Alteration or a Minor Alteration. The Historic Preservation Commission shall have the authority to approve, disapprove, or modify applications for permits to alter or demolish designated Significant or Contributory buildings or buildings within Conservation Districts. For Minor Alterations, the Historic Preservation Commission may delegate this function to staff, whose decision may be appealed to the Historic Preservation Commission.

For projects that require multiple planning approvals, the Historic Preservation Commission must review and act on any permit to alter before any other planning approval action. For projects that (1) require a conditional use permit or permit review under Section 309, et seq., of the Planning Code and (2) do not concern a designated Significant (Categories I and II) or Contributory (Category III only) building, the Planning Commission may modify any decision on a permit to alter by a 2/3 vote, provided that the Planning Commission shall apply all applicable historic resources provisions of the Planning Code.

For projects that are located on vacant lots, the Planning Commission may modify any decision on a permit to alter by a two-thirds vote, provided that the Planning Commission shall apply all applicable historic resources provisions of the Planning Code.

The Historic Preservation Commission's or Planning Commission's decision on a permit to alter shall be final unless appealed to the Board of Appeals, which may modify the decision by a 4/5 vote; provided, however, that if the project requires Board of Supervisors approval or is appealed to the Board of Supervisors as a conditional use, the decision shall not be appealable to the Board of Appeals, but rather to the Board of Supervisors, which may modify the decision by a majority vote.

MILLSACT CONTRACTS. The Historic Preservation Commission shall have the authority to recommend approval, disapproval, or modification of historical property contracts to the Board of Supervisors, without referral or recommendation of the Planning Commission.

PRESERVATION ELEMENT OF THE GENERAL PLAN. The Historic Preservation Commission shall recommend to the Planning Commission a Preservation Element of the General Plan and shall periodically recommend to the Planning Commission proposed amendments to such Preservation Element of the General Plan. Other objectives, policies, and provisions of the General Plan and special area, neighborhood, and other plans designed to carry out the General Plan, and proposed amendments thereto, that are not contained within such Preservation Element but that concern historic preservation shall be referred to the Historic Preservation Commission for its comment and recommendations prior to action by the Planning Commission. When the Planning Commission recommends to the Board of Supervisors for approval or rejection proposed amendments to the General Plan that concern historic preservation, any recommendation or comments of the Historic Preservation Commission on such proposed amendments shall be forwarded to the Board of Supervisors for its information.

REFERRAL OF CERTAIN MATTERS. The following matters shall, prior to passage by the Board of Supervisors, be submitted for written report by the Historic Preservation Commission regarding effects upon historic or cultural resources; ordinances and resolutions concerning historic preservation issues and historic resources; redevelopment project plans; waterfront land use and project plans; and such other matters as may be prescribed by ordinance. If the Planning Commission is required to take action on the matter, the Historic Preservation Commission shall submit any report to the Planning Commission as well as to the Board of Supervisors; otherwise, the Historic Preservation Commission shall submit any report to the Board of Supervisors.

OTHER DUTIES. For proposed projects that may have an impact on historic or cultural resources, the Historic Preservation Commission shall have the authority to review and comment upon environmental documents under the California Environmental Quality Act and the National Environmental Policy Act. The Historic Preservation Commission shall act as the City's local historic preservation review commission for the purposes of the Certified Local Government Program, may

Case 3:09-cv-01128-TEH   Document 28-1   Filed 07/23/09   Page 65 of 73

recommend properties for inclusion in the National Register of Historic Places, and may review and comment on federal undertakings where authorized under the National Historic Preservation Act. The Historic Preservation Commission shall review and comment upon any agreements proposed under the National Historic Preservation Act where the City is a signatory prior to any approval action on such agreement. The Historic Preservation Commission shall have the authority to oversee and direct the survey and inventory of historic properties.

Once a quorum of members of the Historic Preservation Commission has been originally appointed and approved, the Historic Preservation Commission shall assume any powers and duties assigned to the Landmarks Preservation Advisory Board until the Municipal Code has been amended to reflect the creation of the Historic Preservation Commission.

BUDGET, FEES, DEPARTMENT HEAD, AND STAFF. The provisions of Charter subsections 4.102(3), 4.102(4), 4.102(5), and 4.102(6) shall not apply to the Historic Preservation Commission. The Historic Preservation Commission may review and make recommendations on the Planning Department budget and on any rates, fees, and similar charges with respect to appropriate items coming within the Historic Preservation Commission's jurisdiction to the department head of the Planning Department or the Planning Commission. The department head of the Planning Department shall assume the powers and duties that would otherwise be executed by an Historic Preservation Commission department head. The Planning Department shall render staff assistance to the Historic Preservation Commission.

(Added by Proposition J, 11/4/2008)

[The next page is 73]

Case 3:09-cv-01138-TEH   Document 28-1   Filed 07/23/09   Page 66 of 73

## ARTICLE V:  EXECUTIVE BRANCH--ARTS AND CULTURE

Sec. 5.100.  General.
Sec. 5.101.  Charitable Trust Departments.
Sec. 5.102.  City Museums.
Sec. 5.103.  Arts Commission.
Sec. 5.104.  Asian Art Museum of San Francisco.
Sec. 5.105.  The Fine Arts Museums of San Francisco.
Sec. 5.106.  War Memorial and Performing Arts Center.

## SEC. 5.100.  GENERAL.

The arts and culture departments of the City and County shall be the Arts Commission, the Asian Art Museum of San Francisco, the Fine Arts Museums of San Francisco and the War Memorial and Performing Arts Center. These departments shall be a part of the executive branch of City and County government.

The terms of office of all trustees and commissioners shall continue as they existed on the effective date of this Charter. All vacancies shall be filled within 90 days.

The governing boards of the arts and culture departments may accept and shall comply with the terms and conditions of loans, gifts, devises, bequests or agreements donating works of art or other assets to their department without action of the Board of Supervisors so long as acceptance of the same entails no expense for the City and County beyond ordinary care and maintenance.

## SEC. 5.101.  CHARITABLE TRUST DEPARTMENTS.

For the purposes of this Article, the Asian Art Museum of San Francisco, The Fine Arts Museums of San Francisco and the War Memorial and Performing Arts Center are referred to as the "charitable trust departments."

Nothing in this Article shall be construed to limit or change the powers and responsibilities of the governing boards of the charitable trust departments insofar as they involve administration of the charitable trusts, gifts and contracts for which they are responsible.

The charitable trust departments shall have exclusive charge of the trusts and all other assets under their jurisdiction, which may be acquired by loan, purchase, gift, devise, bequest or otherwise, including any land or buildings set aside for their use. They shall have authority to maintain, operate, manage, repair or reconstruct existing buildings and construct new buildings, and to make and enter into contracts relating thereto, subject, insofar as City funds are to be used, to the budgetary and fiscal provisions of this Charter.

## SEC. 5.102.  CITY MUSEUMS.

When the term "museums" is used in this Article, unless otherwise specified, it refers to both the Asian Art Museum of San Francisco and The Fine Arts Museums of San Francisco.

Trustees and commissioners of the museums are exempt from the requirement of Section 4.101 (2) of this Charter, except that at least a majority of The Fine Arts Museum Board of Trustees shall be residents of the City and County. Members shall serve for three-year terms, and may be removed by the Mayor only pursuant to Section 15.105. Members shall serve without compensation.

The governing boards of the museums shall adopt by-laws providing for the conduct of their affairs, including the appointment of an executive committee which shall have authority to act in such

matters as are specified by the governing board.

The governing boards of the museums shall appoint and may remove a director and such other executive and administrative positions as may be necessary. Appointees to such positions need not be residents of the City and County. Notwithstanding any other provision of this Charter, the governing boards may accept and utilize contributions to supplement or pay for the salaries and benefits of these appointees in order to establish competitive compensation, provided that only compensation established pursuant to the salary provisions of this Charter shall be considered for Retirement System purposes.

The governing boards of the museums may insure any loaned exhibit and agree to indemnification and binding arbitration provisions necessary to insuring exhibitions without action of the Board of Supervisors so long as such agreement entails no expense to the City and County beyond ordinary insurance expense. The Recreation and Park Department shall maintain and care for the grounds of the Museums.

## SEC. 5.103. ARTS COMMISSION.

The Arts Commission shall consist of fifteen members appointed by the Mayor, pursuant to Section 3.100, for four-year terms. Eleven members shall be practicing arts professionals including two architects, a landscape architect, and representatives of the performing, visual, literary and media arts; and four members shall be lay members. The President of the Planning Commission, or a member of the Commission designated by the President, shall serve ex officio. Members may be removed by the Mayor.

The Commission shall appoint and may remove a director of the department.The Commission shall encourage artistic awareness, participation and expression; education in the arts; assist independent local groups with the development of their own programs; promote the employment of artists and those skilled in crafts, in the public and private sectors; provide liaison with state and federal agencies to ensure increased funding for the arts from these agencies as well as represent arts issues and policy in the respective governmental bodies; promote the continued availability of living and working space for artists within the City and County; and enlist the aid of all City and County governmental units in the task of ensuring the fullest expression of artistic potential by and among the residents of San Francisco.

In furtherance of the foregoing the Arts Commission shall:

1. Approve the designs for all public structures, any private structure which extends over or upon any public property and any yards, courts, set-backs or usable open spaces which are an integral part of any such structures;

2. Approve the design and location of all works of art before they are acquired, transferred or sold by the City and County, or are placed upon or removed from City and County property, or are altered in any way; maintain and keep an inventory of works of art owned by the City and County; and maintain the works of art owned by the City and County;

3. Promote a neighborhood arts program to encourage and support an active interest in the arts on a local and neighborhood level, assure that the City and County-owned community cultural centers remain open, accessible and vital contributors to the cultural life of the City and County, establish liaison between community groups and develop support for neighborhood artists and arts organizations; and

4. Supervise and control the expenditure of all appropriations made by the Board of Supervisors for the advancement of the visual, performing or literary arts.

Nothing in this section shall be construed to limit or abridge the powers or exclusive jurisdiction of the charitable trust departments or the California Academy of Sciences or the Library Commission

Case 3:09-cv-01138-TEH   Document 28-1   Filed 07/23/09   Page 68 of 73

over their activities; the land and buildings set aside for their use; or over the other assets entrusted to their care.

## SEC. 5.104. ASIAN ART MUSEUM OF SAN FRANCISCO.

The Asian Art Commission shall consist of twenty-seven trustees appointed by the Mayor. In filling vacancies, the Mayor shall solicit nominations from the Commission and shall give due consideration to such nominees in filling such vacancies to the end that the members of the Commission shall be representative of the fields of Asian art and culture by reason of their knowledge, experience, education, training, interest or activity therein.

The Commission shall:

1. Develop and administer that museum which is known as the "Asian Art Museum of San Francisco," or by such other title as may be chosen by not less than two-thirds of the members of the Commission;

2. Control and manage the City and County's Asian art with the Avery Brundage Collection as its nucleus, consistent with the conditions applicable to the Brundage Collection and other gifts;

3. Maintain a charitable foundation or other legal entity for the purpose of developing the Asian Art Museum;

4. Promote, establish and develop an acquisition fund for Asian art objects; and

5. Collaborate with other groups and institutions to extend and deepen the activities necessary to establish the Asian Art Museum as the outstanding center of Asian art and culture in the western world.

## SEC. 5.105. THE FINE ARTS MUSEUMS OF SAN FRANCISCO.

The California Palace of Legion of Honor and the M.H. de Young Memorial Museum shall compromise the Fine Arts Museums of San Francisco, or such other title as may be chosen by not less than two-thirds of the trustees of the Fine Arts Museums. The Fine Arts Museums Board of Trustees shall consist of 62 members to be elected by the members of the Board. On a vote of the majority of members, the number of Trustees may be increased or decreased from time to time as needed, provided that the number of Trustees shall be not more than 62, and provided further that a vote to decrease the number shall not affect the power or tenure of any incumbent. The Board may act by majority of the members present at meetings in which a quorum is in attendance.

In selecting members to serve on the Board, the Board of Trustees shall give due consideration to nominees who are broadly representative of the diverse communities of the City and County and knowledgeable in the fields of art and culture, as demonstrated by their experience, training, interest or philanthropic activity.

A quorum of the Board shall consist of one-third of the number of trustees in office at the time. A majority or two-thirds vote of the Board shall mean a majority or two-thirds vote of the number of trustees present at the meeting at which the vote is taken.

The Board is responsible for the protection and conservation of the assets of the Fine Arts Museums and for setting the public course the Museums will follow. The Board shall assure that the Museums are open, accessible and vital contributors to the cultural life of the City and County, and that the Museums' programs bring art appreciation and education to all the people of the City and County.

The Board may enter into agreements with a not-for-profit or other legal entity to develop or operate the museums and to raise and maintain funds for the museums' support.

Case 3:09-cv-01138-TEH   Document 28-1   Filed 07/23/09   Page 69 of 73

## SEC. 5.106.  WAR MEMORIAL AND PERFORMING ARTS CENTER.

The governing board of the War Memorial and Performing Arts Center shall consist of eleven trustees appointed by the Mayor, pursuant to Section 3.100, for four-year terms. In making appointments the Mayor shall give due consideration to veterans and others who have a special interest in the purposes for which the Center exists. Members may be removed by the Mayor only pursuant to Section 15.105.

The governing board shall appoint and may remove a director.

## ARTICLE VI:  OTHER ELECTIVE OFFICERS

Sec. 6.100.  Designation of Other Elective Officers.
Sec. 6.101.  Assessor-Recorder.
Sec. 6.102.  City Attorney.
Sec. 6.103.  District Attorney.
Sec. 6.104.  Public Defender.
Sec. 6.105.  Sheriff.
Sec. 6.106.  Treasurer.
Sec. 6.107.  [Repealed]

## SEC. 6.100.  DESIGNATION OF OTHER ELECTIVE OFFICERS.

In addition to the officers required to be elected under other Articles of this Charter, the following shall constitute the elective officers of the City and County: the Assessor-Recorder, City Attorney, District Attorney, Public Defender, Sheriff and Treasurer. Each such officer shall be elected for a four-year term and shall serve full time.

The City Attorney shall be licensed to practice law in all courts of the State of California and shall have been so licensed for at least ten years next preceding his or her election. The District Attorney and Public Defender shall each be licensed to practice law in all courts of the State of California and shall have been so licensed for at least five years next preceding his or her election. Such officers shall not engage in the private practice of law during the period they serve as elective officers of the City and County.

Subject to the powers and duties set forth in this Charter, the officers named in this section shall have such additional powers and duties prescribed by state laws for their respective office. The terms of office in effect for these officers on the date this Charter is adopted shall continue.

## SEC. 6.101.  ASSESSOR-RECORDER.

The Assessor-Recorder shall:

1.  Equitably and effectively administer the property assessment system of the City and County; and

2.  Exercise the duties of Assessor and Recorder provided under state law, effective July 1, 1997.

## SEC. 6.102.  CITY ATTORNEY.

The City Attorney shall:

1.  Represent the City and County in legal proceedings with respect to which it has an interest; provided that any elected officer, department head, board or commission may engage counsel other than the City Attorney for legal advice regarding a particular matter where the elected officers department head, board or commission has reason to believe that the City Attorney may have a prohibited financial conflict of interest under California law or a prohibited ethical conflict of interest under the California Rules of Professional Conduct with regard to the matter, subject to the following limitations and conditions.

The elected officer, department head, board or commission shall first present a written request to the City Attorney for outside counsel. The written request shall specify the particular matter for which

the elected officer, department head, board or commission seeks the services of outside counsel, a description of the requested scope of services, and the potential conflict of interest that is the basis for the request. Within five working days after receiving the written request for outside counsel, the City Attorney shall respond in writing to the elected officer, department head, board or commission either consenting or not consenting to the provision of outside counsel. If the City Attorney does not consent to the provision of outside counsel, the City Attorney shall state in the written response why he or she believes that there is no conflict of interest regarding the particular matter.

If the elected officer, department head, board or commission continues to believe there are adequate grounds for outside counsel despite the City Attorney's response that there is no conflict of interest, the elected officer, department head, board or commission may, within thirty days after receiving the City Attorney's response, refer the issue of whether the City Attorney has a prohibited conflict of interest regarding a particular matter to a retired judge or justice of the state courts of California for resolution. If the elected officer, department head, board or commission and City Attorney cannot agree on a retired judge to hear the matter, the retired judge shall be selected at random by an alternative dispute resolution provider. If the matter is referred to a retired judge, the elected officer, department head, board or commission, subject to the budgetary and fiscal provisions of the Charter, shall be entitled to retain outside counsel to represent it solely on the issue of whether the City Attorney has a conflict of interest regarding the particular matter.

In deciding whether the City Attorney has a conflict of interest regarding a particular matter, the retired judge shall be bound by and apply the applicable substantive law and Rules of Professional Conduct as if he or she were a court of law. To the extent practicable, the retired judge shall hear the matter within 15 days after its assignment to the retired judge, and within 15 days after the hearing, shall issue a written opinion stating the basis for the decision. The retired judge, but not the City Attorney or elected officer, department head, board or commission, shall have the power to subpoena witnesses and documents in this proceeding.

The retired judge may request that the City Attorney secure written advice from the California Fair Political Practices Commission, the State Bar of California, or the California Attorney General on the question of whether the City Attorney has a conflict of interest regarding the particular matter. Upon such a request by the retired judge, the City Attorney shall secure such written advice. The retired judge may consider, but is not bound by, written advice so secured. The decision of the retired judge shall be final for the limited purpose of determining whether or not the elected officer, department head, board or commission may retain outside counsel for the particular matter.

If the retired judge decides that the City Attorney does not have a conflict of interest regarding the particular matter, the City Attorney shall continue to be the legal adviser to the elected officer, department head, board or commission for such matter. If the retired judge decides that the City Attorney has a conflict of interest regarding a particular matter, the elected officer, department head, board or commission shall be entitled to retain outside counsel for legal advice regarding the particular matter, and the City Attorney shall thereupon cease to advise the elected officer, department head board or commission on such matter. Any such finding of a conflict of interest shall not affect the City Attorney's role as legal advisor to the elected officer, department head, board or commission on all other matters.

If at any time after the retention of outside counsel, the City Attorney believes that there is no longer a conflict of interest, the City Attorney shall state in writing to the elected officer, department head, board or commission why he or she believes that there is no longer a conflict of interest. Within five working days after receiving the written statement from the City Attorney, the elected officer, department head, board or commission shall respond in writing, either agreeing or disagreeing that there is no longer a conflict of interest. If the elected officer, department head, board or commission agrees that there is no longer a conflict of interest regarding a particular matter, the elected officer, department head, board or commission shall cease employing outside counsel for legal advice regarding the matter, and the City Attorney shall serve as legal adviser to the elected officer, department head, board or commission regarding that matter. If the elected officer, department head, board or commission states in its written response that it believes the conflict of interest still exists, the

Case 3:09-cv-01138-TEH   Document 28-1   Filed 07/23/09   Page 72 of 73

City Attorney may, within ten working days after receiving the response of the elected officer, department head, board or commission, elect to refer the issue of whether the conflict of interest regarding the particular matter continues to exist to the same retired judge who originally heard the matter, if available. The same procedures as established herein shall apply thereafter.

In selecting outside counsel for any purpose described in this Section, the elected officer, department head, board or commission shall give preference to engaging the services of a City attorney's office, a County counsel's office or other public entity law office with an expertise regarding the subject-matter jurisdiction of the elected officer, department head, board or commission. If the elected officer, department head, board or commission concludes that private counsel is necessary, that attorney must be a member in good standing with the Bar of California who has at least five year's experience in the subject-matter jurisdiction of the elected officer, department head, board or commission Any private counsel retained pursuant to this Section shall be subject to the conflict of interest provisions of Section 13.103.5. The cost of any of the services of outside counsel and of the alternative dispute resolution process authorized by this Section shall be paid for by the elected officer, department head, board or commission, subject to the budgetary and fiscal provisions of this Charter.

2.   Represent an officer or official of the City and County when directed to do so by the Board of Supervisors, unless the cause of action exists in favor of the City and County against such officer or official;

3.   Whenever a cause of action exists in favor of the City and County, commence legal proceedings when such action is within the knowledge of the City Attorney or when directed to do so by the Board of Supervisors, except for the collection of taxes and delinquent revenues, which shall be performed by the attorney for the Tax Collector;

4.   Upon request, provide advice or written opinion to any officer, department head or board, commission or other unit of government of the City and County;

5.   Make recommendations for or against the settlement or dismissal of legal proceedings to the Board of Supervisors prior to any such settlement or dismissal. Such proceedings shall be settled or dismissed by ordinance and only upon the recommendation of the City Attorney;

6.   Approve as to form all surety bonds, contracts and, prior to enactment, all ordinances; and examine and approve title to all real property to be acquired by the City and County;

7.   Prepare, review annually and make available to the public a codification of ordinances of the City and County then in effect;

8.   Prepare and make available to the public an annual edition of this Charter complete with all of its amendments and legal annotations; and

9.   Establish in the Office of the City Attorney a Bureau of Claims Investigation and Administration which shall have the power to investigate, evaluate and settle for the several boards, commissions and departments all claims for money or damages. The Bureau shall also have the power to investigate incidents where the City faces potential civil liability, and to settle demands before they are presented as claims, within dollar limits provided for by ordinance, from a revolving fund to be established for that purpose. The City Attorney shall appoint a chief of the Bureau who shall serve at his or her pleasure. The chief of the Bureau may appoint, subject to confirmation by the City Attorney, investigators who shall serve at the pleasure of the chief.

10.   During his or her tenure, not contribute to, solicit contributions to, publicly endorse or urge the endorsement of or otherwise participate in a campaign for a candidate for City elective office, other than himself or herself or of a City ballot measure or be an officer, director or employee of or hold a policy-making position in an organization that makes political endorsements regarding candidates for elective office or City ballot measures.

Case 3:09-cv-01128-TEH   Document 28-1   Filed 07/23/09   Page 73 of 73

(Amended November 2001; amended November 2002)

## SEC. 6.103.  DISTRICT ATTORNEY.

The District Attorney shall:

    1.  Investigate all allegations of violations of laws which the District Attorney has the power to prosecute in court or before any other trier of fact;

    2.  Prosecute all criminal cases in the appropriate courts and issue warrants for the arrest of persons charged with crimes to be prosecuted in such courts; and

    3.  Proceed in such civil cases as authorized by state law.

## SEC. 6.104.  PUBLIC DEFENDER.

The Public Defender shall, upon the request of an accused who is financially unable to employ counsel, or upon order of the Court, defend or give counsel or advice to any person charged with the commission of a crime or in danger of criminal prosecution.

## SEC. 6.105.  SHERIFF.

The Sheriff shall:

    1.  Keep the County jail;

    2.  Receive all prisoners committed to jail by competent authorities;

    3.  Execute the orders and legal processes issued by courts of the State of California;

    4.  Upon court order detail necessary bailiffs; and

    5.  Execute the orders and legal processes issued by the Board of Supervisors or by any legally authorized department or commission.

The Sheriff shall appoint, and at his or her pleasure may remove, an attorney, one under-sheriff, one assistant sheriff and one confidential secretary.

## SEC. 6.106.  TREASURER.

The Treasurer shall be responsible for the collection of taxes, the receipt of all monies collected by the City and County and their safeguard, deposit and investment in accordance with sound financial practices, and shall be responsible for collection of delinquent revenue. The Treasurer shall appoint a Chief Assistant and a Tax Collector who shall serve at the pleasure of the Treasurer.

## SEC. 6.107.

(Repealed November 2001)